600 A.2d 605

**Thomas LAND, Appellant,**

**v.**

**STATE FARM MUTUAL INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 24, 1991.

Filed Dec. 18, 1991.

Annemarie Algeo, Trenton, N.J., for appellant.

Frederick E. Smith, Jr., Willow Grove, for appellee.

Before DEL SOLE, BECK and HUDOCK, JJ.

HUDOCK, Judge:

Thomas Land, (Appellant), appeals from the judgment entered following the denial of his petition to set aside an arbitration award. We affirm.

The pertinent facts are as follows: This matter arises from an uninsured motorist arbitration proceeding. The proceeding was commenced pursuant to a contract of insur-

ance which provided that the Pennsylvania Uniform Acts of 1927 and 1980, as amended,[1] were applicable. The insurance policy likewise provided that each party shall select a competent and impartial arbitrator. These two would then select a third arbitrator. To this end, Norton A. Freedman, Esquire, was appointed by State Farm Insurance Company, (Appellee), and Howard Wishnoff, Esquire, was appointed by Appellant. David W. Moneymaker, Esquire, was then chosen to serve as the neutral arbitrator. The panel found in favor of Appellant in the amount of $4,500, with Mr. Wishnoff dissenting.

A short time thereafter, counsel for Appellant claims to have learned:

[F]rom several respected members of the Pennsylvania Bar that [Appellee's] arbitrator served in that capacity on innumerable occasions, in fact, so frequently that he was now coined "State Farm's arbitrator." In addition, the reports to [A]ppellant's counsel portrayed the arbitrator's awards as frequently favoring [Appellee] or where liability was clear, dimunitive [sic].

(Appellant's Brief at p. 7). Considering this information, and believing that Appellee's arbitrator's apparent partiality was the basis for the diminutive award, counsel for Appellant filed a petition to set aside the arbitration award. This petition was based on 42 Pa.C.S.A. § 7341 (Purdon 1982), and on the language of Appellee's insurance policy which required that each party appoint a competent and impartial arbitrator.

Shortly after the filing of the petition, the prothonotary entered an order providing that discovery, if any was needed, was to be completed within sixty days from the date of the order. Pursuant to this directive, Appellant sent interrogatories, pursuant to Pa.R.C.P. 4005, 42 Pa.C.S.A. (Purdon 1987), to Appellee, which were directed to Norman Freedman, Esquire, containing fourteen questions regarding his relationship with Appellee, including, *inter alia,*

1. 5 P.S. §§ 161–179 (Purdon 1963) (repealed) and 42 Pa.C.S.A. §§ 7301–7320 (Purdon 1982), respectively.

whether he ever provided legal services to Appellee or its insureds, and the number of times he was appointed arbitrator for Appellee. Appellant also requested from State Farm the production of pertinent documents relating to the interrogatories pursuant to Pa.R.C.P. 4009, 42 Pa.C.S.A. (Purdon 1987).

Appellee filed preliminary objections to the discovery requests, and thereafter refused to respond. Appellant then filed a motion to compel Appellee to provide the requested discovery. Argument on both the petition to set aside the arbitration award and the motion to compel discovery was scheduled for the same day. After hearing oral argument, the trial court denied both. The trial court denied the discovery motion on the basis that it requested irrelevant information. The trial court, upon learning that several interrogatories did inquire as to whether Mr. Freedman had worked for Appellee or represented its insureds in the past, telephoned counsel for both parties and directed Mr. Freedman to answer these questions. The questions were answered in the negative.

Appellant claims that the trial court erred in relying exclusively on the common law standard in denying the petition, thereby ignoring the language of the insurance contract which called for the appointment of competent and impartial arbitrators, and in dismissing his petition to set aside the arbitration award without first permitting him to take discovery in the matter. We do not agree.

In *Bole v. Nationwide Insurance Company*, 475 Pa. 187, 379 A.2d 1346 (1977), the insurance policy at issue provided for common law arbitration and contained language that each party would choose a competent and disinterested arbitrator. The contract further provided that the two chosen arbitrators would then select a third arbitrator. Bole objected to Nationwide's choice, because the attorney/arbitrator chosen had provided legal representation to Nationwide in the past. The attorney/arbitrator, however, refused to disqualify himself and helped to choose the third arbitrator. Bole again objected at the arbitration proceed-

ing. Following the hearing, an award was given against Bole and in favor of Nationwide, with Bole's arbitrator dissenting. Bole then filed a petition to vacate the award claiming, *inter alia*, that the attorney/arbitrator chosen by Nationwide should have disqualified himself. The trial court denied the requested relief and an appeal was taken to this Court.

Bole's appeal to this Court resulted in a remand. *Bole v. Nationwide Insurance Company*, 238 Pa.Super. 138, 352 A.2d 472 (1975). This Court, however, was divided as to the scope of the remand. Judge Spaeth, in an opinion joined by Judges Hoffman and Cercone, remanded the case for an evidentiary hearing to determine whether the attorney/arbitrator evidenced an actual bias in favor of Nationwide. Judge Van der Voort, in an opinion joined by then President Judge Watkins, stated that the award should be vacated and the matter remanded for the appointment of a new panel of arbitrators, since it was felt that prior representation of a party by an arbitrator should require disqualification of that arbitrator upon objection by the opposing party. Thus, according to Judge Van der Voort, no showing of actual bias was required. In dissent, Judge Price, joined by Judge Jacobs, stated his belief that partisan appointments were permissible and that the award should be confirmed.

Allocatur was granted and our Supreme Court adopted the *per se* rule espoused by Judge Van der Voort, and, therefore, vacated the award and remanded for the appointment of a new panel of arbitrators. Thus, it was held that when a contract calls for "disinterested" arbitrators, the prior representation of one of the parties by a designated arbitrator will disqualify that arbitrator upon objection by the opposing party, In reaching this determination, the Supreme Court stated:

As a common law arbitration award cannot be reversed for either a mistake of law or fact, we believe it best to avoid even a hint of impropriety when a contract calls for a "disinterested" arbitrator.

*Bole v. Nationwide Insurance Company,* 475 Pa. at 190, 379 A.2d at 1348.

The Supreme Court then cited to Judge Van der Voort's opinion:

> "Because they are the final decision-makers on the law and the facts of the case, whose decision is final absent fraud or misconduct, arbitrators under common law stand as judges. Their function is judicial, and their conduct must be robed in judicial impartiality."

*Id.,* quoting *Bole v. Nationwide Insurance Company, supra,* 238 Pa.Super. at 147, 352 A.2d at 479.

Our reading of *Bole* leads us to conclude that a showing of a direct relationship between a party to an arbitration proceeding and a designated arbitrator must be shown, such as the existence of a prior employer-employee or attorney-client relationship, before the requisite partiality of that arbitrator is established.[2] Therefore Appellant's claim that the trial court ignored the contractual language in the insurance contract is without merit since the trial court, in its opinion, cited to *Bole* and its discussion of the contractual language "competent and disinterested arbitrators." We see no distinction between the meaning of "disinterested" and "impartial," such that a different result is required.[3]

**2.** In a dissenting opinion to the Supreme Court's decision in *Bole,* Justice Roberts, joined by then Justice Nix, stated the belief that the partiality of an arbitrator, due to the arbitrator's prior representation of one of the parties, was not a matter which met the common law standard of "show[ing] by clear, precise, and [i]ndubitable evidence that he was denied a hearing, or that there was fraud, misconduct, corruption, or some other irregularity of this nature on the part of the arbitrator which caused him to render an unjust, inequitable, or unconscionable award ..." *Bole v. Nationwide Insurance Company, supra,* 475 Pa. at 193, 379 A.2d at 1349, quoting *Allstate Insurance Co. v. Fioravanti,* 451 Pa. 108, 114, 299 A.2d 585, 588 (1973).

**3.** We note that *Bole* was decided prior to the enactment of the 1980 Act, *supra.* The 1980 Act does provide for the vacation of an award where "there is evident partiality by an arbitrator appointed as neutral or corruption or misconduct in any of the arbitrators prejudicing the rights of any party." 42 Pa.C.S.A. § 7314(a)(1)(ii). Mr. Freedman was not the neutral arbitrator in the present case. However, Appellant's argument is entirely directed to partiality rather than corruption

We will not extend such allegations of partiality to an alleged "indirect connection" with a party to arbitration. To do so would invite any dissatisfied claimant to allege partiality on the part of the opposing party's arbitrator and thus require court supervision of arbitration. This is contrary to the purposes of arbitration. *See Allstate Insurance Co. v. Fioravanti,* 451 Pa. 108, 116, 299 A.2d 585, 589 (arbitration is favored because it provides "an expeditious and inexpensive method of resolving disputes with the further winning attribute of helping to ease congested court calendars").

■ Finally, we find no error with regard to the trial court's denial of the motion to compel discovery. The trial court did direct Mr. Freedman to answer interrogatories relating to whether he had ever been employed by Appellee or its insureds. Given the above law as to partiality, this was all to which Appellant was entitled.[4] While discovery should be liberally allowed, "fishing expeditions" are not to be countenanced under the guise of discovery. *In re Thompson's Estate,* 416 Pa. 249, 206 A.2d 21 (1965).

Judgment affirmed.

or misconduct. As Appellant has not even referred to this section in arguing the matter, we will not address it further.

4. Appellant, citing to *Allstate Insurance Co. v. Fioravanti, supra,* states that the requested discovery was needed in order to prove collusion between Mr. Freedman and Appellee. However, such evidence is relevant to proving fraudulent conduct on the part of an arbitrator. *Id.* Appellant has made no such allegation in the present case.