## Delta Organization Inc. v. Salem Baptist Church of Jenkintown

*Edward Seglias,* for plaintiff.
*Kenneth W. Taylor,* for defendant.

MOORE, *J.,* December 22, 2009—

## I. FACTS AND PROCEDURAL HISTORY

This appeal has been taken by the Salem Baptist Church of Jenkintown (petitioner) from this court's order of September 29, 2009, denying the petitioner's appeal of an arbitration award in favor of the Delta Organization Inc.

On July 28, 2004, the petitioner entered into a construction contract with Delta for the renovation of two buildings owned by the petitioner. Pursuant to the terms of this contract, both parties agreed to submit to the jurisdiction of the American Arbitration Association (AAA) to resolve all disputes arising out of the agreement.

On June 27, 2007, the petitioner gave Delta a notice of contract termination as a result of Delta's failure to pay subcontractors. (NT, 9/29/09, p. 4.) In accordance with the dispute resolution provision of the contract, Delta subsequently submitted a demand for an arbitration hearing, alleging that the project was terminated for petitioner's breach of contract by non-payment. In response, the petitioner filed a counterclaim asserting that Delta failed to perform in accordance with its obligations under the contract, resulting in significant additional costs and delays. Accordingly, both parties submitted to the jurisdiction of the AAA over their claims.

On December 2, 2008, the appointed arbitrator[1] held a scheduling conference with counsel for both parties, at which time the arbitration hearing was scheduled to begin on February 2, 2009. (NT, 9/29/09, pp. 4-5.) On January 27, 2009, the petitioner's original counsel withdrew and the arbitrator initially postponed the arbitration hearing until February 4, 2009. (NT, 9/29/09, p. 5.) Based on this unexpected withdrawal, the petitioner requested a six-month continuance for its new counsel to familiarize itself with the case. (NT, 9/29/09, p. 11.) The arbitrator ultimately granted a six-week continuance in order for the petitioner's new counsel to prepare and a hearing date was scheduled for March 16, 2009. (NT, 9/29/09, p. 11.)[2]

The arbitration proceedings began March 16, 2009, and lasted approximately two weeks. (NT, 9/29/09, p. 9.) On May 19, 2009, the arbitrator rendered his decision, in which Delta was awarded a portion of its damages and the petitioner did not recover on its counterclaims.

The petitioner subsequently appealed the arbitrator's decision to this court on two grounds. First, the petitioner contended that they were prejudiced by denial of their request for a lengthier continuance to allow their new counsel to prepare for the arbitration hearing. Ad-

---

1. The original arbitrator was conflicted out of the case and a new arbitrator was appointed on November 5, 2008.

2. The petitioner then petitioned the court to continue the arbitration for six months and remove the arbitrator for failure to remain impartial. See *The Delta Organization Inc. v. Salem Baptist Church of Jenkintown,* Montgomery County Court of Common Pleas, no. 2009-02744 (Feb. 2, 2009). After oral arguments, the court denied this petition by order of the Honorable Maurino J. Rossanese Jr., on February 3, 2009.

ditionally, the petitioner argued that the arbitration award was tainted by the arbitrator's bias and prejudice.

On September 29, 2009, this court issued an order denying the petitioner's appeal and confirming the award by the AAA arbitrator. The petitioner now appeals this court's order of September 29, 2009. This court's determination to confirm the decision of the arbitrator was proper and should be affirmed.

## II. DISCUSSION

An agreement to arbitrate a dispute that does not state that the Uniform Arbitration Act applies is conclusively presumed to be an agreement to common-law arbitration. See *Borgia v. Prudential Insurance Co.,* 561 Pa. 434, 439, 750 A.2d 843, 846 (2000); see also *Midomo Co. Inc. v. Presbyterian Housing Development Co.,* 739 A.2d 180, 183 (Pa. Super. 1999) ("an agreement to arbitrate in accordance with the rules of AAA is an agreement pursuant to common-law arbitration"). In the present case, the contract agreed to by the parties does not state that the arbitration would take place pursuant to the Uniform Arbitration Act. Therefore, the parties are subject to the rules of common-law arbitration.

Under Pennsylvania Statute, a common-law arbitration award is binding upon the parties and "may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." 42 Pa.C.S. §7341 (West 2007). The party seeking to vacate a common-law arbitration award bears the burden to establish both the

underlying irregularity and the resulting inequity by " 'clear, precise, and indubitable' evidence." *Chervenak, Keane & Co. Inc. v. Hotel Rittenhouse Assocociates Inc.,* 328 Pa. Super. 357, 361, 477 A.2d 482, 485 (1984). This court's review of the findings by an arbitration panel is extremely narrow as "arbitrators are the final judges of both law and fact, and an arbitration award is not subject to a reversal for a mistake of either." *Prudential Property and Casualty Insurance Co. v. Stein,* 453 Pa. Super. 227, 230, 683 A.2d 683, 685 (1996); see also, *Reinhart v. State Automobile Insurance Association,* 242 Pa. Super. 18, 363 A.2d 1138 (1976) (every presumption is in favor of an arbitration award's validity). Accordingly, a trial court order confirming a common-law arbitration award will be reversed only for an abuse of discretion or an error of law. *Sage v. Greenspan,* 765 A.2d 1139, 1142 (Pa. Super. 2000).

The petitioner's claim that it was prejudiced by the arbitrator's refusal to grant a continuance longer than six-weeks is not a sufficient legal basis to reverse the arbitrator's decision. The petitioner cites no legal authority to vacate an arbitration award based on an arbitrator's decision to grant or deny a continuance. The Superior Court has found irregularities in the arbitration process constituting reversible error where, for example, relevant witnesses were precluded from testifying, see *e.g, Smaligo v. Fireman's Fund Insurance Company,* 432 Pa. 133, 247 A.2d 577 (1968), or where an improper relationship between a party and the arbitrator indicated a lack of impartiality in the proceeding, see *e.g.. Land v. State Farm Mutual Insurance Company,* 410 Pa. Super. 579, 600 A.2d 605 (1991). No such irregularities are evident

or alleged in the arbitration proceeding in the present case.

Moreover, the arbitrator's decision to grant a six-week continuance does not amount to an irregularity. Following the six-week continuance, an arbitration hearing was held over the course of two weeks. The arbitrator ultimately decided to accept Delta's claims and reject the petitioner's in a detailed opinion supporting his findings. There is no evidence of record that serves as a legal basis to indicate any underlying irregularity or resulting inequity.

The only stated basis for the petitioner's allegations of bias against the arbitrator stem from the arbitrator's decision to continue the arbitration hearing for six-weeks after the petitioner's former counsel withdrew from the case. Certainly, this allegation is legally insufficient to establish bias. Accordingly, this court did not abuse its discretion in confirming the arbitration award.

## III. CONCLUSION

This court's determination to confirm the arbitrator's award was proper and should be affirmed.