**Maryanne SAGE, Appellant,**

v.

**Mitchell S. GREENSPAN, Esq., Andrew H. Gaber, Esq., Greenspan Berk, P.C., Greenspan, Berk Gaber, P.C., and Greenspan Gaber, P.C., Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 25, 2000.

Filed Dec. 20, 2000.

Reargument Denied Feb. 23, 2001.

Thomas M. Marrone, Philadelphia, for appellant.

Norman E. Greenspan, Philadelphia, for Mitchell S. Greenspan, appellee.

Before DEL SOLE, JOHNSON and BECK, JJ.

DEL SOLE, J.:

¶ 1 Maryanne Sage (hereinafter referred to as "Appellant") appeals from the trial court order entering judgment against the corporate defendants only. We affirm in part, reverse in part and remand for further proceedings.

¶ 2 Ms. Sage filed suit against lawyers Mitchell Greenspan, Esquire and Andrew Gaber, Esquire (hereinafter referred to as the "Individual Appellees"), and their law firms, Greenspan & Berk, P.C., Greenspan, Berk & Gaber, P.C., and Greenspan & Gaber, P.C. (hereinafter referred to as the "Corporate Appellees") for legal mal-

practice. While the case was pending, the parties agreed to discontinue the civil action and to submit Appellant's claims against all Appellees to binding arbitration. The agreed upon terms of arbitration were confirmed in a letter to Appellant's counsel dated June 10, 1998.

¶ 3 Arbitration hearings were held. The Arbitrator subsequently rendered a binding arbitration award in favor of Appellant in the amount of $225,000.00 on July 27, 1999. Subsequently, the Individual Appellees requested that the Arbitrator reconsider his award against them. In response, the Arbitrator issued an amended award dated September 22, 1999, clarifying that the award was against the Individual **and** Corporate Appellees.

¶ 4 On April 5, 2000, Appellant filed a petition to confirm arbitration award requesting that the court enter judgment against all defendants. The Corporate Appellees did not oppose the petition. The Individual Appellees, however, opposed the petition at this point. On May 10, 2000, the trial court entered an order confirming judgment against the Corporate Appellees only. The trial court refused to confirm the award against the Individual Appellees and to enter judgment against them. The trial court denied Appellant's subsequent motion for reconsideration. This appeal followed.

¶ 5 Appellant presents the following issues on appeal:

1. Whether the individual defendants waived their right to challenge the entry of judgment based upon the arbitration award by failing to timely file a petition to modify arbitration award in accordance with 42 Pa.C.S.A. § 7314.

2. Whether, in the absence of an agreement by the parties, a court may refuse to confirm and enter judgment based upon a valid, uncontested, and incontestable arbitration award.

3. Whether the trial court erred in refusing to confirm and enter judgment against the individual defendants, based

upon an arbitration award, when the terms of the agreement to arbitrate did not prohibit entry of judgment against the individual defendants.

4. Whether the trial court erred in awarding costs of $23.50 when the actual costs incurred by plaintiff were $203.50.

Appellant's Brief at 4.

¶ 6 It should first be noted that the arbitration in this case is a matter of common law arbitration. Chapter 73 of the Pennsylvania Judicial Code governs statutory, common law and judicial arbitration. 42 Pa.C.S.A. §§ 7301–7362. Sections 7301–7320 of Subchapter A apply to statutory arbitration proceedings and are known collectively as the Pennsylvania Uniform Arbitration Act ("UAA"). Sections 7341 and 7342 of Subchapter B apply to common law arbitration proceedings. 42 Pa.C.S.A. §§ 7341–7342; See *Lowther v. Roxborough Memorial Hosp.*, 738 A.2d 480, 483 (Pa.Super.1999), *appeal denied*, 758 A.2d 1194 (Pa.2000). Whether an arbitration agreement is subject to the UAA (Sections 7301–7320 of Subchapter A) or common law (Sections 7341–7342 of Subchapter B) arbitration principles depends on whether the agreement is in writing and expressly provides for arbitration under the UAA. 42 Pa.C.S.A. § 7302(a); *Lowther*, 738 A.2d at 483. Absent an express statement in the arbitration agreement, or a subsequent agreement by the parties which calls for the application of the UAA statutory provisions in Subchapter A, an agreement to arbitrate is conclusively presumed to be at common law and subject to the provisions of Subchapter B. *Id.*

¶ 7 In the instant case, no reference is made in the letter confirming the terms of the arbitration agreement to the Uniform Arbitration Act or to any other statutory arbitration provisions. Accordingly, the arbitration in this case was subject to the common law provisions of the statute.

¶ 8 The standard of review for a common law arbitration is very limited:

The award of an arbitrator in a nonjudicial arbitration which is not subject to (statutory arbitration) or [to] a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.

*Prudential Prop. & Cas. Ins. Co. v. Stein*, 453 Pa.Super. 227, 683 A.2d 683, 684 (1996). The arbitrators are the final judges of both law and fact, and an arbitration award is not subject to reversal for a mistake of either. *Id.* A trial court order confirming a common law arbitration award will be reversed only for an abuse or discretion or an error of law. *Id.*

¶ 9 Appellant first contends that the Individual Appellees waived their right to challenge the entry of judgment upon the arbitration award by failing to timely file a petition to modify the Arbitration Award.[1]

¶ 10 Section 7342 of Subchapter B in pertinent part provides:

§ 7342. Procedure

* * *

(b) Confirmation and judgment. On application of a party made more than 30 days after an award is made by an arbitrator under § 7341 (relating to common law arbitration) the court shall enter an order confirming the award and shall enter a judgment or decree in conformity with the order. . . .

42 Pa.C.S.A. § 7342(b). This section has consistently been interpreted to require that any challenge to the arbitration award

be made in an appeal to the Court of Common Pleas by the filing of a petition to vacate or modify the arbitration award within 30 days of the date of the award. *Id.; Hall v. Nationwide Mut. Ins. Co.*, 427 Pa.Super. 449, 629 A.2d 954 (1993), *appeal denied*, 537 Pa. 623, 641 A.2d 588 (1994). Specifically, a party must raise alleged irregularities in the arbitration process in a timely petition to vacate or modify the arbitration award. *Id.*

¶ 11 In this case, the arbitration decision was rendered on July 27, 1999. The Arbitrator issued an amended award, clarifying that the award was against all defendants, on September 22, 1999. The Individual Appellees failed to file a petition with the Court of Common Pleas to vacate or modify the Arbitrator's award within 30 days of the award. In fact, the Individual Appellees did not file a petition to vacate or modify the award. Instead, the Individual Appellees did not challenge the award of the Arbitrator until Appellant filed her petition to confirm the award, and then raised it as "New Matter." This court has previously held that this is procedurally inadequate to preserve Appellees' challenge. *See Lowther*, 738 A.2d at 480. Because the Individual Appellees did not file their objections to the arbitration award within 30 days, the challenge was untimely and was waived.

¶ 12 Appellant's second and third issues involve the same substantive question: whether the trial court erred in failing to confirm the arbitration award and enter judgment against all defendants, pursuant to the arbitration award. Accordingly, we will address these issues together. Section 7341 of Chapter 73 provides:

§ 7341. Common law arbitration

The award of an arbitrator in a nonjudicial arbitration which is not subject to

---

1. Appellant contends that this is a waiver pursuant to 42 Pa.C.S.A. § 7314. As noted previously, the arbitration at issue is governed by 42 Pa.C.S.A. 7341–7342. 42 Pa.C.S.A. § 7314 is a provision under Subchapter A,

applicable to arbitrations pursuant to the UAA. Although Appellant cites the inappropriate section of the chapter, the same limitation is provided for under Subchapter B.

Subchapter A (relating to statutory arbitration) or a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.

42 Pa.C.S.A. § 7341. Section 7342 in pertinent part provides:

> (b) Confirmation and judgment. On application of a party made more than 30 days after an award is made by an arbitrator ... the court shall enter an order confirming the award and shall enter a judgment or decree in conformity with the order.

42 Pa.C.S.A. § 7342. Based on the language of this section, the trial court, after the passage of the 30 days' time, is required to enter an order confirming the award and enter judgment in conformity with the order. The award of an arbitrator in a common law arbitration is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award. *Lowther*, 738 A.2d at 486. The Individual Appellees made no such claims in the time permitted. Accordingly, the trial court was required to enter judgment against all Appellees pursuant to the arbitration award.

¶ 13 The Individual Appellees point to the language in the Arbitration Agreement that Appellant agreed not to seek satisfaction of an arbitration award against the Individual Appellees as support for the trial court's decision not to enter judgment against them. The relevant language of the arbitration agreement follows:

> 2. In the event that plaintiff Maryanne Sage ("Sage") prevails in the arbitration, Sage has agreed not to seek satisfaction of any arbitration award against any personal or individual assets

of defendants Andrew Gaber, Esquire and/or Mitchell Greenspan, Esquire.

> 3. Sage also agrees that to the extent insurance coverage is not available to satisfy the arbitration award, she will seek satisfaction only through the assets or income of the law firm defendant.

June 10, 1998 letter.

¶ 14 The Individual Appellees contend that because the language of the Agreement provides that Appellant will not seek satisfaction of the award against them, the trial court properly refused to enter judgment against them.

¶ 15 A provision in an arbitration agreement cannot alter Pennsylvania procedure. *Miller v. Allstate Insurance Co.*, 763 A.2d 401, 2000 Pa.Super. Lexis 3396 (Pa.Super.2000). Therefore, the Pennsylvania statutory procedure requiring a trial court to enter an order and judgment pursuant to the arbitration award after 30 days when no motion to vacate or modify award has been filed, prevails over the provision in the Arbitration Agreement. Furthermore, seeking satisfaction of an award against the Individual Appellees is different than having judgment entered against them. The Agreement remains silent with regard to entering judgment against the Individual Appellees.

¶ 16 Accordingly, the trial court erred in failing to enter judgment against the Individual Appellees. Thus, we affirm the order entering judgment to the extent that it enters judgment against the Corporate Appellees. We reverse the order to the extent that it does not enter judgment against the Individual Appellees.

¶ 17 Finally, Appellant contends that the trial court erred when it awarded costs to Appellant in the amount of $23.50 instead of $203.50. In its order dated May 10, 2000, the trial court stated: "Petitioner shall also be reimbursed costs in the amount of $23.50 for the filing of her petition." Trial Court Order, 5/10/00. The trial court sought to award Appellant re-

imbursement for the costs of filing her Petition. Upon review of the record, we find that it cost Appellant $203.50 to file her petition. Accordingly, the trial court erred in granting Appellant only $23.50.[2] Appellant should be awarded $203.50, the cost of filing the petition.

¶ 18 We remand this case to the trial court for proceedings pursuant to this opinion.

¶ 19 Judgment affirmed in part, reversed in part and remanded for further proceedings. Jurisdiction relinquished.

2. It is probable that this error was simply typographical in nature.