J-A18031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANN DiPIETRO, D.D.S., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| GLIDEWELL LABORATORIES, | : | |
| | : | |
| Appellee | : | No. 1192 MDA 2014 |

Appeal from the Order entered on June 20, 2014
in the Court of Common Pleas of Luzerne County,
Civil Division, No. 4730 of 2014

BEFORE:  FORD ELLIOTT, P.J.E., STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED AUGUST 21, 2015**

Ann DiPietro, D.D.S. ("DiPietro"), appeals from the Order dismissing her Petition and Appeal to Vacate or Modify Award of Arbitrator (hereinafter "Petition and Appeal") entered in her favor and against Glidewell Laboratories ("Glidewell").  We affirm.

DiPietro, a dentist, filed suit against Glidewell, alleging that it breached an implied warranty of merchantability by selling to her defectively manufactured dental crowns between 2001 and 2003, some of which failed after placement in her patients' mouths.  The trial court set forth the relevant procedural background of the case as follows:

> The case was originally filed in the United States District Court for the Middle District of Pennsylvania.  Thereafter, counsel for the parties agreed to submit the case to binding arbitration. The Honorable William W. Caldwell ["Judge Caldwell"] of the United States District Court for the Middle District of Pennsylvania wrote on June 5, 2012, that the parties "have

agreed to submit this case to binding arbitration[,]" and directed that the matter be memorialized as "closed for statistical purposes."

Subsequently, the parties were unable to agree on an arbitrator and accordingly, upon Petition filed by [DiPietro], Judge Caldwell entered an Order on March 14, 2013 appointing Lehman Mediation Services, LLC, David E. Lehman [hereinafter "Mr. Lehman"] as arbitrator in the matter. On September 16, 2013, following a hearing, Mr. Lehman issued his decision[,] ruling in favor of [DiPietro] and against [Glidewell] in the amount of $12,400.00.[1]

[On, October 11, 2013, DiPietro] filed a Petition for Reconsideration[2] and[,] on or about March 10, 2014, Mr. Lehman sent a letter denying the [Petition for

---

[1] In his decision, Mr. Lehman indicated that "[t]he parties agree that [] claims [for breach of an implied warranty of merchantability] must be brought within four years, as provided in 2-275 of the U.C.C. (42 Pa.C.S.A. § 2725)[,]" and that "a breach of warranty occurs when tender of delivery is made[.]" He further indicated that, because "[t]he lawsuit was filed on February 26, 2007[, o]nly those crowns purchased by [] DiPietro and delivered to her after []February 26, 2003 are available for her claim of breach of warranty[, and a]ll others are barred by the applicable statute of limitations." Arbitrator's Decision, 9/16/13, at 2. Mr. Lehman determined that DiPietro had failed to demonstrate how many of the dental crowns, purchased from and delivered by Glidewell after February 26, 2003, had failed. *See id*. at 2. However, because Glidewell conceded that sixteen of its dental crowns had failed, Mr. Lehman awarded damages to DiPietro for those sixteen units at the lowest damage figure proposed by DiPietro ($755 per unit). *See id*. at 2-3.

[2] In her Petition for Reconsideration, DiPietro argued that the four-year statute of limitations should have been tolled because Glidewell had "offered" to repair and replace the defective dental crowns. *See* Petition for Reconsideration, 10/11/13, at 2; *see also id*. at 1 (wherein DiPietro cites, *inter alia*, **Keller v. Volkswagen of Am.**, 733 A.2d 642, 646 (Pa. Super. 1999 (holding that the statute of limitations will be tolled by the "repair doctrine" where the evidence reveals that repairs were, in fact, *attempted*, representations were made that the *completed* repairs would cure the defects, and the plaintiff relied upon such representations). Our review of the record discloses no evidence that any "repairs" were made by Glidewell.

R]econsideration.[3] [On April 9, 2014, DiPietro] filed [the] Petition and Appeal [] in the Court of Common Pleas of Luzerne County at No. 4730 of 2014.

[Glidewell] filed [a] Motion to Strike/Dismiss said Petition [and Appeal] on [April 17], 2014. Following oral argument [at a hearing conducted on May 27, 2014], the Order which is the subject of [this] appeal [] was entered [on June 20, 2014,] granting the Motion to Strike/Dismiss[,] thereby dismissing the Petition [and Appeal].

Trial Court Opinion, 11/18/14, at 1-2 (unnumbered, footnotes added).

On July 18, 2014, DiPietro filed a Notice of Appeal. On March 17, 2015, this Court remanded the matter, directing that (1) the trial court enter an order confirming the arbitration award; (2) DiPietro reduce that order to final judgment; and (3) DiPietro transmit to this Court a certified supplemental record establishing compliance with (1) and (2), above. **See DiPietro, D.D.S. v. Glidewell Labs.**, No. 1192 MDA 2014 (Pa. Super. 2015) (unpublished memorandum at 2). On March 20, 2015, the trial court entered Judgment for DiPietro, in accordance with the arbitration award, and on May 28, 2015, this Court received a certified supplemental record establishing compliance with (1) and (2), above. Accordingly, the matter is now ripe for our review.

---

[3] DiPietro also attached to her Petition for Reconsideration a "Bill of Costs," which itemized $27,767.79 in additional amounts that DiPietro requested Mr. Lehman award her as further damages, in a revised arbitration award, including the following: expert fees; deposition fees; shipping costs, arbitration costs, and legal fees. Mr. Lehman declined, noting that, in the absence of legal authority that an arbitrator at common law may award costs after the hearing and decision, he would not consider the matter further.

On appeal, DiPietro raises the following issues:

1. Where there is an agreement to arbitrate a matter[,] which was pending in the United States District Court for the Middle District of Pennsylvania, does the Court of Common Pleas of Luzerne County have jurisdiction on appeal from the arbitrator's decision?

2. Was the dismissal of [DiPietro's] Petition [and Appeal] procedurally premature on a Motion to Strike/Dismiss, where there were clear allegations of irregularity, which caused the rendition of an unjust, inequitable or unconscionable award?

Brief for Appellant at 3.

As DiPietro's claims are related, we will address them together. DiPietro contends, without citation to applicable legal authority,[4] that the courts of common pleas are courts of general jurisdiction and can adjudicate this matter, even though it originated from a binding arbitration agreement in federal court. *Id*. at 7. DiPietro points to 42 Pa.C.S.A. § 7318[5] in support of her position that the Court of Common Pleas of Luzerne County had jurisdiction to strike or modify the binding arbitration award. Brief for

---

[4] Pursuant to Pa.R.A.P. 2119(a), DiPietro was required to support her claims with pertinent discussion and citation to relevant authority. However, our review of DiPietro's Brief on appeal reveals that it is deficient in both aspects.

[5] Section 7318 provides, in pertinent part, as follows: "'*[j]urisdiction.*' --The making of an agreement described in section 7303 (relating to validity of agreement to arbitrate) providing for arbitration in this Commonwealth confers jurisdiction on the courts of this Commonwealth to *enforce* the agreement under this subchapter and to *enter judgment* on an award made thereunder." 42 Pa.C.S.A. § 7318 (emphasis supplied). Notably, this provision does not confer jurisdiction upon a trial court to *strike* or *modify* an arbitration award, as DiPietro had requested of the trial court herein.

Appellant at 7. DiPietro asserts, without explanation, that the trial court's dismissal of her Petition and Appeal "was procedurally premature, since there was no availability to create any record." *Id*. at 8. DiPietro also claims that Mr. Lehman failed to attach the bill of costs to the arbitration award, and that, pursuant to 42 Pa.C.S.A. § 7341,[6] it was "clearly unjust, inequitable or unconscionable not to include the bill of costs." *Id*. at 8-9 (internal citations omitted). DiPietro further asserts that, pursuant to 13

---

[6] Section 7341 provides that

"[t]he award of an arbitrator in a nonjudicial arbitration which is not subject to Subchapter A (relating to statutory arbitration) or a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award."

42 Pa.C.S.A. § 7341.

Pa.C.S.A. § 2302,[7] a trial court is permitted to set aside unconscionable contract provisions. *Id*. at 9. DiPietro also claims, without explanation, that "the damage limitation for the statute of limitations issues was also not proper." *Id*. DiPietro further contends that, "[a]t a minimum, the [t]rial [c]ourt should have modified the verdict to include the bill of costs, which normally follows any verdict or arbitrator's award." *Id*. Finally, DiPietro asserts that, "as in a demurrer, the [t]rial [c]ourt must accept as true facts averred in the Complaint and must accord Complaint all inferences reasonably deducted therefrom." *Id*. Presumably equating her Petition and Appeal to a civil complaint, DiPietro claims that she established the "prerequisite to get over the procedural hurdle of a Motion to Dismiss." *Id*.

The standard of review of common law arbitration is very limited:

---

[7] Section 2302 provides as follows:

> (a) *Finding and authority of court.*--If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made, the court may: (1) refuse to enforce the contract; (2) enforce the remainder of the contract without the unconscionable clause; or (3) so limit the application of any unconscionable clause as to avoid any unconscionable result.
>
> (b) *Evidence by parties.*--When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable[,] the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination.

13 Pa.C.S.A. § 2302. DiPietro's reliance on section 2302 is misplaced, as it pertains to contracts, and does not pertain to arbitration awards. Notably, DiPietro has failed to cite to any legal authority indicating otherwise.

> The award of an arbitrator in a nonjudicial arbitration which is not subject to (statutory arbitration) or [to] a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award. *Sage v. Greenspan*, 2000 PA Super 398, 765 A.2d 1139, 1142 (Pa. Super. 2000) (citation omitted). "The arbitrators are the final judges of both law and fact, and an arbitration award is not subject to reversal for a mistake of either." *F.J. Busse Co. v. Sheila Zipporah, L.P.*, 879 A.2d 809, 811, 2005 PA Super 259 (Pa. Super. 2005) (citation omitted). "[A] trial court order confirming a common law arbitration award will be reversed only for an abuse of discretion or an error of law." *Prudential Prop. & Cas. Ins. Com. v. Stein*, 453 Pa. Super. 227, 683 A.2d 683, 685 (1996) (citation omitted).

*U.S. Claims, Inc., v. Dougherty*, 914 A.2d 874, 876-77 (Pa. Super. 2006).

Here, the record reflects that the parties agreed to submit the matter to binding common law arbitration. The record further demonstrates that, following Mr. Lehman's appointment as arbitrator, he held conferences with counsel, conducted a hearing on June 12 and 13, 2013, and considered post-hearing memoranda submitted by the parties, prior to making his arbitration award. *See* Arbitrator's Decision, 9/16/13, at 1. We discern no evidence to support a claim that DiPietro "was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." *See* 42 Pa.C.S.A. § 7341; *see aslo Dougherty*, 914 A.2d at 876-77 (citation omitted). For this reason, we conclude that the arbitration award was binding, and DiPietro's

claims otherwise lack merit.[8]  Accordingly, we affirm the trial court's Order

dismissing DiPietro's Petition and Appeal.[9]

      Order affirmed.

Judgment Entered.

_[signature]_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2015

---

[8] We observe that section 7342(b) provides, in pertinent part, as follows: "[o]n application of a party made more than 30 days after an award is made by an arbitrator under section 7341 (relating to common law arbitration), the court shall enter an order confirming the award and shall enter a judgment or decree in conformity with the order."  42 Pa.C.S.A. § 7342(b). This section has consistently been interpreted to require that any challenge to the arbitration award be made in an appeal to the Court of Common Pleas by the filing of a petition to vacate or modify the arbitration award *within 30 days of the date of the award*.  **See Greenspan**, 765 A.2d at 1142.  Here, DiPietro did not file her Petition and Appeal until April 9, 2014, which was beyond the 30-day appeal period.  Thus, even if DiPietro had been able to establish that she had been "denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award," as required by section 7341, the trial court was divested of jurisdiction to vacate or modify the arbitration award because DiPietro's Petition and Appeal was untimely.

[9] Our conclusion is based on our review of the certified record, as well as the parties' Briefs and Glidewell's Supplemental Brief.

- 8 -