J-A17003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CIGAR FACTORY CONDO ASSOCIATION | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CIGAR FACTORY PARTNERS, LLC AND CIGAR PROPERTY APARTMENTS, LP | |
| APPEAL OF: CIGAR FACTORY PARTNERS, LLC | No. 3313 EDA 2014 |

Appeal from the Order Dated October 14, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 130802073

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 01, 2015**

Cigar Factory Partners, LLC ("CFP") appeals the order entered October 14, 2014, in the Philadelphia County Court of Common Pleas denying its petition to open or strike a judgment entered in favor of Cigar Factory Condo Association ("Condo Association"), in the amount of $61,064.00, plus costs.[1] On appeal, CFP argues the trial court erred in denying its petition to open the judgment.  For the reasons that follow, we quash this appeal.

---

[1] This case involves several units in the Cigar Factory Condominium complex.  Cigar Factory Apartments, L.P. had owned units in question, but transferred its interest to CFP.  **See** Petition to Confirm Arbitration Award, 8/20/2013, at ¶ 4.  Cigar Factory Apartments is not a party to this appeal.

The relevant facts and procedural history are as follows. In April of 2009, CFP, stopped paying its monthly condominium assessment fees to the Condo Association for certain units it owned in the Cigar Factory Condominium complex. ***See*** Petition to Confirm Arbitration Award, 8/20/2013, at ¶ 7. On December 6, 2012, the Condo Association filed a demand for arbitration, pursuant to the American Arbitration Association ("AAA"), claiming CFP owed more than $44,000.00 in assessment fees. ***Id.*** at ¶ 8 (Exhibit B). A preliminary conference was scheduled for May 7, 2013, but it was continued at the request of CFP when its principal, Gagan Lakhmna, *via* email, indicated he had to postpone the hearing. ***See*** Brief in Opposition of Petition to Open, 7/24/2014, Exhibit 5. The final hearing was then scheduled for June 6, 2013, of which CFP was notified by email on June 4, 2013. ***See id.*** at Exhibit 6. However, no one from CFP appeared at the June 6, 2013, final hearing. On July 1, 2013, the arbitrator entered an award in favor of the Condo Association and against CFP and Cigar Factory Partners, jointly and severally, in the amount of $61,064.00, plus fees. The award was sent to CFP *via* email and certified mail on July 2, 2013. ***See id.*** at Exhibit 8.

On August 20, 2013, the Condo Association filed a petition to confirm the arbitration award in the trial court.[2] Although the petition was never

_____

[2] The Condo Association averred in the petition that (1) an arbitration award was entered against CFP and Cigar Factory Partners on July 1, 2013, and (2)
*(Footnote Continued Next Page)*

served on CFP,[3] the trial court granted the petition on September 16, 2013, confirming the arbitration award and entering judgment in the amount of $61,064.00, plus fees, in favor of the Condo Association and against CFP and Cigar Property Apartments.  Order, 9/16/2013.

On April 10, 2014, the Condo Association filed a *praecipe* for *writ* of execution, which it successfully served on both CFP and Cigar Factory Apartments.  Thereafter, on July 9, 2014, CFP filed a petition to strike/open default judgment, asserting:  (1) it was never notified of the arbitration hearing; (2) it was never properly served with the petition to confirm the arbitration award; and (3) it first learned of the award when it was served with a Notice of Sheriff's Sale on June 20, 2014.  Petition to Strike/Open

---

*(Footnote Continued)*

more than 30 days had passed since the entry of the award.  Petition to Confirm Arbitration Award, 8/20/2013, at ¶¶ 12-13.  **See** 42 Pa.C.S. § 7342(b) ("On application of a party made more than 30 days after an award is made by an arbitrator under section 7341 (relating to common law arbitration), the court shall enter an order confirming the award and shall enter a judgment or decree in conformity with the order.").

[3] The Condo Association filed two affidavits of non-service with respect to CFP.  The Condo Association first attempted to serve CFP at 1808 Spruce Street, Philadelphia, PA, but service was unsuccessful because the building was being renovated.  **See** Affidavit of Non-Service, 8/21/2013.  The Condo Association then attempted service at 1033 N. 2nd Street, Philadelphia, PA. The processer service noted the company's name was not listed at that address, and upon a consultation with a realtor, learned "this is not a business entity at this location."  Affidavit of Non-Service, 9/6/2013.  We note, however, that in its **own petition**, CFP averred it was a "Pennsylvania Limited Liability Company that is located at 1808 Spruce Street … and 1033 N. 2nd Street[.]"  [CFP's] Petition to Strike/Open Default Judgment, 7/9/2014, at ¶ 2.

Default Judgment, 7/9/2014, at ¶¶ 5, 10, 13. On July 24, 2014, the Condo Association filed an answer to CFP's petition, and the trial court conducted a hearing on October 14, 2014. That same day, the trial court denied CFP's petition to open/strike the judgment. This appeal follows.[4]

CFP raises two related claims on appeal. First, CFP argues it was never properly served with notice of the date and time of the arbitration hearing. CFP acknowledges that it was "aware in 2013 that there was an ongoing dispute with [the Condo Association] that was referred to arbitration per the terms of [the Condo Association's] bylaws." CFP's Brief at 8. However, it asserts that because it was never notified of the final hearing date, the award was entered "by default." *Id.* at 9. Moreover, CFP argues that, thereafter, the Condo Association did not properly serve it with the petition to confirm the arbitration award, pursuant to Pa.R.C.P. 402 ("Manner of Service"). Second, CFP contends the trial court erred in failing to open the default judgment. Specifically, CFP claims it demonstrated (1) the petition was timely filed, (2) it had a good reason for the delay, because it was not properly served with notice of the arbitration hearing or the petition to confirm the award, and (3) it has a meritorious defense because

_____

[4] On November 12, 2014, the trial court ordered CFP to file a concise statement of errors complained of on appeal. CFP complied with the court's directive, and filed a concise statement on December 3, 2014.

it "could easily show that it owes less than half the amount requested by [the Condo Association.]" *Id.* at 11-12.

However, before we may address the substantive claims raised by CFP on appeal, we must first consider whether the appeal is properly before us.[5] An appeal properly lies from, *inter alia*, an order "refusing to open, vacate or strike off a judgment." Pa.R.A.P. 311(1). Therefore, on its face, it appears CFP timely appealed the trial court's October 15, 2014, order denying its petition to open a default judgment. Nevertheless, our review of the certified record reveals CFP should have filed an appeal from the September 16, 2013, order of the trial court confirming the arbitration award. *See* 42 Pa.C.S. §7320(a)(3). Its failure to do so is fatal to its claim.

First, we disagree with CFP's characterization of the arbitration award as a "default judgment." Pursuant to the Pennsylvania Rules of Civil Procedure, a default judgment is entered by the prothonotary, upon *praecipe* of the plaintiff, when the defendant fails to file "within the required time a pleading to a complaint which contains a notice to defend or… for any relief admitted to be due by the defendant's pleadings." Pa.R.C.P. 1037(b). Here,

_____

[5] On December 23, 2014, this Court entered an order directing CFP to show cause as to why the appeal should not be quashed. *See* Order, 12/23/2014. CFP filed a timely response to the order. *See* [CFP's] Response to the Rule to Show Cause, 1/20/2015. The Show Cause order was subsequently discharged on January 26, 2015.

the award at issue was entered following common law arbitration proceedings. There were no pleadings filed by either party before the entry of the award.

Further, 42 Pa.C.S. § 7341 provides, in relevant part:

The award of an arbitrator in a nonjudicial arbitration … is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.

42 Pa.C.S. § 7341. Therefore, the only manner in which CFP could have challenged the arbitration award was to assert either it was denied a hearing, or the award was the result of some fraud or misconduct. ***See Sage v. Greenspan***, 765 A.2d 1139, 1142 (Pa. Super. 2000), *appeal denied*, 784 A.2d 119 (Pa. 2001).

Second, we find that even if CFP had a proper basis to challenge the arbitration award, it failed to do so within the statutory time frame. Section 7342(b) mandates: "On application of a party made more than 30 days after an award is made by an arbitrator under section 7341 (relating to common law arbitration), the court **shall** enter an order confirming the award and shall enter a judgment or decree in conformity with the order." 42 Pa.C.S. § 7342(b) (emp0hasis added). This Court has opined:

This section has consistently been interpreted to require that any challenge to the arbitration award be made in an appeal to the Court of Common Pleas by the filing of a petition to vacate or modify the arbitration award within 30 days of the date of the award. Specifically, a party must raise alleged irregularities in the arbitration process in a timely petition to vacate or modify the arbitration award.

*Sage*, *supra*, 765 A.2d at 1142 (internal citations omitted). Therefore, once the 30-day period following the entry of the arbitrator's award expired and CFP failed to challenge the award, the trial court was required, upon *praecipe* of the Condo Association, to confirm the arbitration award and enter judgment.[6]

Accordingly, the appealable, final order in this matter was the order entered September 16, 2013, confirming the arbitration award. *See* 42 Pa.C.S. § 7320(a)(3), (6) ("An appeal may be taken from … [a] court order confirming or denying confirmation of an award[, or a] final judgment or decree of a court entered pursuant to the provisions of this subchapter."). Because CFP failed to file a timely appeal from that order,[7] or challenge the underlying arbitration award,[8] we must quash this appeal.

_____

[6] We note that the Condo Association waited 49 days before petitioning the trial court to confirm the arbitration award.

[7] *See* Pa.R.A.P. 903(a) (a notice of appeal must be filed within 30 days after entry of an appealable order).

[8] To the extent CFP contends it was not provided proper notice of the date of the rescheduled arbitration hearing, we note that such a claim should have been raised in a challenge to the arbitrator's award within 30 days of its entry. CFP's failure to do so waives the issue for our review. *See* 42 Pa.C.S. §§ 7341, 7342(b).

Furthermore, to the extent CFP asserts it did not receive notice of the entry of the arbitration award or the petition to confirm the award, we note that this claim is belied by the record. Indeed, counsel for CFP acknowledged during the October 14, 2014, hearing on CFP's petition to
*(Footnote Continued Next Page)*

Appeal quashed.  Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/1/2015

*(Footnote Continued)* —————————

open/strike the judgment that CFP did have knowledge of the arbitration award but chose not to challenge the award because CFP believed it would lose the property to a third party in an unrelated matter.  **See** N.T., 10/14/2014, at 5-6.  Counsel further explained that CFP had since settled the case with the third party and, knowing it would retain the property, desired to challenge the judgment.  **Id.** at 6.  CFP's purported fear of losing the property at issue does not excuse its failure to timely appeal the arbitration award.