J-S24020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BROTHER MORENO CONSTRUCTION, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AIXIAN PROPERTIES, LLC  AND NESTOR COLON | : | No. 420 EDA 2022 |
| Appellants | : | |

Appeal from the Order Entered December 30, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  201101496

BEFORE:   PANELLA, P.J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED SEPTEMBER 6, 2022**

Aixian Properties, LLC (Aixian) and Nestor Colon appeal from the trial court order, entered in the Court of Common Pleas of Philadelphia, granting Brother Moreno Construction, LLC's (Brother Moreno) petition to confirm an arbitration award.  After careful review, we affirm.

On October 8, 2019, the parties entered into a joint venture agreement (Agreement) to buy, renovate, and resell a property located at 2702 Oakford Street in Philadelphia.  On November 17, 2020, Brother Moreno filed a complaint against Aixian and Colon, alleging fraud, misrepresentation, and breach of contract with respect to the Agreement.

On December 18, 2020, Aixian and Colon filed preliminary objections to the complaint, arguing that the court lacked jurisdiction over the matter

---

[*] Retired Senior Judge assigned to the Superior Court.

1

because the Agreement among the parties required any claims arising out of the Agreement be resolved by mediation or binding arbitration. On February 23, 2021, the Honorable Karen Shreeves-Johns entered an order sustaining the preliminary objections and staying the case pending the outcome of binding arbitration.

After the case was stayed, the parties signed a binding arbitration agreement that stated:

> The award rendered by the arbitrator pursuant to this agreement shall be final and binding on all parties, subject to the statutory provisions of 42 [Pa.C.S.] § 7341 regarding the vacation or modification of an arbitration award upon a showing of fraud, misconduct, corruption, or other irregularity causing the rendition of an unjust, inequitable or unconscionable award. . . . A judgment or decree in conformity [with] the award may be entered by a court of the competent jurisdiction on application of either party.

Petition to Confirm Award of Arbitrator, 9/21/21, Exhibit B at ¶ 6. Furthermore, the parties selected Vito F. Canuso, Jr., Esquire, as the arbitrator from a list of three suggested arbitrators.

An arbitration hearing was held on August 10, 2021. After the arbitrator considered the memoranda, pleadings, testimony, and exhibits presented by the parties, he issued an award of $157,707.00 in favor of Brother Moreno and against Aixian and Colon, jointly and severally. Canuso entered the arbitration award on August 26, 2021, noting that he based his findings on the Agreement, the receipts presented at the hearing for costs incurred, and testimony as to the value of the property.

On September 21, 2021, Brother Moreno filed a petition to confirm the arbitration award, arguing that neither Aixian nor Colon had made any allegations of coercion, fraud, foul play, or misrepresentation against Brother Moreno or the arbitrator.

On October 12, 2021, Aixian and Colon filed a motion to modify or vacate the arbitration award. They argued that Brother Moreno engaged in fraud, misconduct, corruption, or other irregularity, causing the arbitrator to go beyond the scope of his authority and rendering the rendition of an unjust, inequitable, or unconscionable award. Specifically, Aixian and Colon alleged that Brother Moreno submitted fraudulent expense reports, which included double entries and work performed on other real estate projects outside the Agreement. They also contended that the property was overvalued, and the award should be reduced or vacated in light of a lower appraisal value for the property.

In its answer to the motion to modify or vacate, Brother Moreno asserted that Aixian and Colon included evidence in their closing memorandum that was never provided during discovery or entered into evidence at the arbitration, including a report by an appraiser who did not appear or testify at the hearing. Brother Moreno further noted that Colon, who is a real estate agent, himself calculated the value of the property at the arbitration. Colon valued the property at $315,000.00 to $325,000.00, which the arbitrator took

into consideration in assigning the property a $320,000.00 value and ultimately arriving at an award of $157,707.00.

On December 30, 2021, the Honorable Abbe F. Fletman entered an order granting Brother Moreno's petition to confirm the arbitration award and denying Aixian and Colon's motion to modify or vacate the award. On January 27, 2022, Aixian and Colon filed a notice of appeal. They raise the following issues, *verbatim*:

1. [Whether] it was an abuse of discretion and error of law for the [c]ourt to confirm the [a]rbitration [a]ward where it was clearly demonstrated by [Aixian and Colon] that the underlying [a]ward could be vacated or modified because [Aixian and Colon] clearly showed that [they were] denied a hearing or that fraud, misconduct, corruption[,] or other irregularity caused rendition of an unjust, inequitable or unconscionable award pursuant to the Uniform Arbitration Act-Sub Chapter B-Common Law Arbitration 42 Pa.C.S. § 7342?

2. [Whether] it was an abuse of discretion and error of law for the Court to confirm the [a]rbitration [a]ward because [Aixian and Colon] showed that [Brother Moreno] during the [a]rbitration [h]earing engaged in fraud, misconduct, and corruption by submitting as evidence during the [a]rbitration [h]earing[:] (1) fraudulent expense reports; (2) overvalued real estate estimates; (3) double entries; and (4) invoices for work performed by [Brother Moreno] on projects not related to the dispute that in sum resulted in the [a]rbitrator exceeding his authority and to render an [a]ward that was unconscionable and unjust pursuant to Uniform Arbitration Act-Sub Chapter B-Common Law Arbitration 42 Pa.C.S. § 7342?

Brief for Appellant, at 4.

Arbitration is a well-accepted form of dispute resolution that has been repeatedly endorsed by the courts of this Commonwealth. ***See MacPherson v. Magee Mem'l Hosp. for Convalesence***, 128 A.3d 1209, 1219 (Pa. Super.

2015) (en banc) ("Pennsylvania has a well-established public policy that favors arbitration[.]") (citation omitted). As we have held, the "award of an arbitrator in a nonjudicial arbitration . . . is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." *Sage v. Greenspan*, 765 A.2d 1139, 1142 (Pa. Super. 2000); 42 Pa.C.S. § 7341. The "appellant bears the burden to establish both the underlying irregularity and the resulting inequity by clear, precise[,] and indubitable evidence." *McKenna v. Sosso*, 745 A.2d 1, 4 (Pa. Super. 1999) (internal citations omitted). In this context, "irregularity refers to the process employed in reaching the result of the arbitration, not the result itself." *Id.* Furthermore, "arbitrators are the final judges of both law and fact, and an arbitration award is not subject to reversal for a mistake of either." *U.S. Claims, Inc. v. Dougherty*, 914 A.2d 874, 876 (Pa. Super. 2006). A "trial court order confirming a common law arbitration award will be reversed only for abuse of discretion or an error of law." *Prudential Prop. & Cas. Ins. Co. v. Stein*, 683 A.2d, 683, 685 (Pa. Super. 1996).

Prior to addressing the merits of the appellants' claims, we must determine whether they were properly preserved for judicial review. Section 7342(b) of the Pennsylvania Uniform Arbitration Act has consistently been interpreted to require that any challenge to an arbitration award be made in

an appeal to the Court of Common Pleas by filing a petition to vacate or modify the arbitration award **within thirty days of the date of the award**. *See Sage*, 765 A.2d at 1142. An objection to an arbitration award filed after the thirty-day period will be deemed untimely and waived. *Id.* We have also held that challenges to the validity of an arbitration award asserted for the first time in opposition to a petition to confirm are procedurally inadequate to preserve claims for judicial review. *Dougherty*, 914 A.2d at 877.

Instantly, our review of the record confirms the trial court's finding that Aixian and Colon did not file their motion to vacate or modify the arbitration until October 12, 2021, more than thirty days after the date of the award entered on August 26, 2021. *See* Trial Court Opinion, 3/23/22, at 5. Since Aixian and Colon did not raise their challenges to the arbitration award within thirty days of its entry, they did not preserve their claims for judicial review. *See Sage*, 765 A.2d at 1142 (challenge to arbitration award waived where filed more than thirty days after entry of award). Accordingly, the trial court properly confirmed the award after the passage of thirty days as required by 42 Pa.C.S. § 7342(b), and we afford Aixian and Colon no relief.[1]

---

[1] Even if Aixian and Colon had timely filed a motion to vacate or modify the arbitration award, we agree with the trial court that their underlying claims are meritless. *See* Trial Court Opinion, 3/23/22, at 5-6. Aixian and Colon have not shown fraud, misconduct, corruption, or other irregularity in the arbitration process "by clear, precise, and indubitable evidence." *See McKenna*, 745 A.2d at 4. Furthermore, we have noted that "[n]either we nor the trial court may retry the issues addressed in arbitration or review the tribunal's disposition of the merits of the case." *Civan v. Windmere Farms, Inc.*, 180 A.3d 489, 493 (Pa. Super. 2018). Instantly, the arbitrator

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/6/2022

---

considered the briefs, testimony, and evidence presented at the arbitration hearing before rendering the award. As Brother Moreno explained in its brief, Aixian and Colon attempted to rely on evidence neither produced in discovery nor presented at the hearing, including a report from an appraiser who did not appear or testify at the hearing. Although Aixian and Colon claimed the property was overvalued at arbitration, Colon **himself** provided a higher value than the one the arbitrator adopted in his findings. Considering this information, the trial court did not err by granting Brother Moreno's petition and denying apellants' motion to vacate or modify the binding arbitration award.