J-A03009-22

2022 PA Super 172

| SHANNON CHILUTTI AND KEITH CHILUTTI, H/W | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellants | |
| v. | |
| UBER TECHNOLOGIES, INC., GEGEN, LLC, RAISER-PA, LLC, RAISER, LLC, SARAH'S CAR CARE, INC. AND MOHAMMED BASHIER | |
| Appellees | No. 1023 EDA 2021 |

Appeal from the Order Entered April 26, 2021
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 200900764

BEFORE:  STABILE, J., DUBOW, J., and MCCAFFERY, J.

DISSENTING OPINION BY STABILE, J.:          **FILED OCTOBER 12, 2022**

While I do not discount the concerns expressed by the Majority with regard to Internet contracts, I believe Appellants' appeal should be quashed as an appeal from a collateral order.  Therefore, I respectfully dissent.

As the Majority observed, the trial court granted Uber's petition to compel arbitration and stayed the proceedings with respect to the co-Appellees.  In its Rule 1925(a) opinion, the trial court did not discuss the parties' arguments regarding the agreement to arbitrate (or lack thereof) or explain its basis for granting the motion to compel arbitration.  Rather, the court limited its discussion to the appealability of a motion to compel arbitration and concluded that its order is "not appealable at this time because

the parties have not been forced 'out of court.'" Trial Court Opinion, 6/2/21, at 2 (citing *Maleski v. Mut. Fire, Marine & Inland Ins. Co.*, 633 A.2d 1143, 1145 (Pa. 1993)).

Initially, I note that "[a]n order compelling arbitration and staying court action is not final; rather, it is interlocutory because the parties are not forced 'out of court.'" *Maleski*, 633 A.2d at 1145 (citation omitted). As our Supreme Court stated in *Maleski*, "[T]here is no express statutory authority providing for an appeal from an interlocutory order in a case where arbitration is compelled[.]" *Id.* at 1146 (footnote omitted). Appellants nevertheless contend that we have jurisdiction to entertain this appeal as a collateral order pursuant to Pa.R.A.P. 313(b). As this Court has recognized:

> Under Pa.R.A.P. 313(b), a collateral order is an order that 1) is separable from and collateral to the main cause of action; 2) involves a right too important to be denied review; and 3) presents a question that, if review is postponed until final judgment in the case, the claim will be irreparably lost.

*In re Bridgeport Fire Litigation*, 51 A.3d 224, 230 n.8 (Pa. Super. 2012) (citation omitted). All three prongs of the collateral order test must be satisfied for this Court to exercise jurisdiction over an otherwise non-final order. *Spanier v. Freeh*, 95 A.3d 342, 345 (Pa. Super. 2014).

Here, while the first two prongs are arguably satisfied, I conclude that the third prong is not. In the event Appellants might not be satisfied with the results of their arbitration, they could seek review of the arbitrator's decision.

In this regard, I note that Uber's Terms of Use call for arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C.A., § 1 *et seq.* Nevertheless, as the Court of Appeals for the Third Circuit acknowledged:

> Arbitration is fundamentally a creature of contract. The Supreme Court has stated: "arbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration." **AT & T Techs., Inc. v. Communications Workers**, 475 U.S. 643, 648–49, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986) (citation omitted). The Federal Arbitration Act makes written agreements to arbitrate "valid, irrevocable, and enforceable" on the same terms as other contracts. 9 U.S.C.A. § 2 (West 1970). There must be evidence sufficient to establish the parties' consent to arbitration. As a matter of contract, no party can be forced to arbitrate unless that party has entered into an agreement to do so. That agreement must be express and unequivocal.

**Kaplan v. First Options of Chicago, Inc.**, 19 F.3d 1503, 1512 (3d Cir. 1994), *aff'd*, 514 U.S. 938, 115 S.Ct., 1920, 131 L.Ed.2d (1995) (some citations omitted). "An arbitrator's decision to assert jurisdiction over objection is, however, subject to a much broader and more rigorous judicial review than an arbitral decision on the merits. Because it is a question for the court to decide, it is subject to *de novo* judicial review." **Id.** (internal quotations omitted).

In affirming the Third Circuit's decision, the United States Supreme Court stated, "Courts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clear and unmistakable evidence' that they did so." **First Options of Chicago, Inc. v. Kaplan**, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d (1995) (alterations and citations omitted).

While Uber's Terms of Use call for arbitration pursuant to the FAA, this Court has determined that "the FAA standards of review do not apply to a state trial court's review over an arbitration award created and enforced under the FAA." ***Trombetta v. Raymond James Financial Services, Inc.***, 907 A.2d 550, 569 (Pa. Super. 2006).[1]  Therefore, we look to the Pennsylvania arbitration laws.[2]

---

[1] In ***Trombetta***, the Court explained that, "[t]he language of FAA §10 itself substantiates this conclusion.  Section 10 explicitly states: '*the United States court in and for the district where in the award was made . . .*' may vacate an arbitration award when certain circumstances are present." ***Id.***, 907 A.2d at 568-69 (emphasis and ellipses in original).  "We believe this phrase constitutes plain language stating that FAA § 10 *only applies to proceedings in United States district courts*." ***Id.*** at 569 (emphasis added).  Because a review of the Complaint filed in this action reveals that Appellants as well as some Appellees are residents of or entities incorporated in Pennsylvania, there is no diversity of citizenship (or federal question) upon which jurisdiction in the district court could be based.

A recent United States Supreme Court decision confirms that review of an arbitral award in this case would be governed by state law.  In ***Badgerow v. Walters***, 142 S.Ct. 1310 (2022), the Court held that "Congress has not authorized a federal court to adjudicate a Section 9 or 10 application just because the contractual dispute it presents grew out of arbitrating different claims, turning on different law, that (save for the parties' agreement) could have been brought in federal court." ***Id.*** at 1318.  Further, "[t]he statutory plan . . . makes Section 9 and 10 applications conform to the normal—and sensible—judicial division of labor: The applications go to state, rather than federal, courts when they raise claims between non-diverse parties involving state law. ***Id.*** at 1321.

[2] We note that Uber's arbitration provisions reference applicability of California law in the event the FAA rules are found not to apply.  If Appellants should attempt to vacate an award of the arbitrator, and if it is determined that California law applies, the court could look to Cal. Code Civ. Proc. § 1286.2(a)(4), which provides for vacating an award in the event "arbitrators

*(Footnote Continued Next Page)*

As this Court explained in **Sage v. Greenspan**, 765 A.2d 1139 (Pa.

Super. 2000), *appeal den'd*, 784 A.2d 119 (Pa. 2001):

> Chapter 73 of the Pennsylvania Judicial Code governs statutory, common law and judicial arbitration. 42 Pa.C.S.A. §§ 7301–7362. Sections 7301–7320 of Subchapter A apply to statutory arbitration proceedings and are known collectively as the Pennsylvania Uniform Arbitration Act ("UAA"). Sections 7341 and 7342 of Subchapter B apply to common law arbitration proceedings. 42 Pa.C.S.A. §§ 7341–7342[.] Whether an arbitration agreement is subject to the UAA (Sections 7301–7320 of Subchapter A) or common law (Sections 7341–7342 of Subchapter B) arbitration principles depends on whether the agreement is in writing and expressly provides for arbitration under the UAA. 42 Pa.C.S.A. § 7302(a)[.] Absent an express statement in the arbitration agreement, or a subsequent agreement by the parties which calls for the application of the UAA statutory provisions in Subchapter A, an agreement to arbitrate is conclusively presumed to be at common law and subject to the provisions of Subchapter B.

*Id.* at 1141 (citations omitted).[3] Because the arbitration provisions in Uber's

Terms of Use make no reference to the UAA, the standards of review for

---

exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." **See Cable Connection, Inc. v. DIRECTV, Inc.**, 190 P.3d 586, 600 (Ca. 2008) ("The powers of an arbitrator derive from, and are limited by, the agreement to arbitrate. Awards in excess of those powers may, under section[] 1286.2 and 1286.6 be corrected or vacated by the court") (citations omitted).

[3] Because Appellants' Uber registrations and the accident giving rise to Appellants' claim predated July 1, 2019, the effective date of the Revised Statutory Arbitration Act, 42 Pa.C.S.A. § 7321.1-31, the provisions of that Act are not implicated.

common law arbitration should apply in the event of a challenge to an award of the FAA arbitrator.

In **Sage**, we recognized that "[t]he standard of review for a common law arbitration is very limited." **Id.** at 1142. The award of an arbitrator "is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." **Id.** (quoting **Prudential Prop. & Cas. Ins. Co. v. Stein**, 683 A.2d 683, 684 (Pa. Super. 1996)). Because a party cannot be forced to arbitrate absent an agreement to do so, **see First Options, supra**, if a court determines there was no agreement to arbitrate, and that Appellants submitted to arbitration only because they were compelled to do so, we believe the court could properly vacate an award based on a finding that the resulting award was "unjust, inequitable or unconscionable." Therefore, postponing review until final judgment in this case will not result in irreparable loss of Appellants' claim as it can be reviewed in accordance with the applicable Pennsylvania arbitration statutes. Appellants have failed to demonstrate that postponing review until final judgment in the case will result in irreparable loss of their claim. Therefore, they have not satisfied the third prong of the collateral order test.

"Because there is no express statutory authority providing for an appeal from an interlocutory order in a case where arbitration is compelled," **Maleski**,

633 A.2d at 1146, and because Appellants cannot satisfy the third prong of the collateral order test, I would quash the appeal.