J-A06037-20

2020 PA Super 93

| | | |
|---|---|---|
| LEGAL ACCESS PLANS, LLC, LEGAL ACCESS MANAGEMENT GROUP, LLC, THE LEGALEASE GROUP, LEGAL PLANS USA-RESERVE, LEGAL ACCESS CONSULTING, LLC D/B/A LEGALPLANS USA, ROBERT HESTON, JR., KAREN DRAKE, JOY CAPKA, MARYANN DIRENZO, ROBERT HYSLOP, JR., THERESA HYSLOP, PETER PRIDE AND KAREN HENKEL | : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | No. 2016 EDA 2019 |
| v. | : : : : | |
| SAMUEL W.B. MILLINGHAUSEN, III | : | |

Appeal from the Order Entered May 10, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): February Term, 2019, No. 01490

BEFORE:   STABILE, J., KING, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:                    **FILED APRIL 13, 2020**

Appellants Legal Access Plans, LLC, Legal Access Management Group, LLC, The Legalease Group, Legal Plans USA-Reserve, Legal Access Consulting, LLC D/B/A Legal Plans USA (collectively "Appellant Legal Access"), Robert Heston, Jr., Karen Drake, Joy Capka, Maryann Direnzo, Robert Hyslop, Jr., Theresa Hyslop, Peter Pride, and Karen Henkel appeal the order of the Philadelphia County Court of Common Pleas denying Appellants' Second Petition to Confirm Arbitration Award as moot.  After careful review, we affirm.

---

* Former Justice specially assigned to the Superior Court.

Appellant Legal Access is an employee benefits company that maintains a referral service for attorneys to provide legal services to its clients. Appellee Samuel W.B. Millinghausen, III, served as a network attorney for Appellant Legal Access from 2005-2010. In late 2010, Appellant Legal Access stopped providing Appellee referrals after multiple clients brought complaints against Appellee to its human resources department.

In May 2011, Appellee filed a writ of summons ("2011 action") in Montgomery County, claiming Appellant Legal Access made defamatory statements that damaged his reputation and led to his termination as a network attorney. Prior to filing a complaint, Appellee sought discovery to identify the clients that had made complaints against him. Appellant Legal Access claimed that their contract with Appellee required the matter to be sent to arbitration. The Montgomery County Court of Common Pleas granted Appellee pre-complaint discovery and did not address whether arbitration was required. Appellant Legal Access appealed this decision.

While the appeal in the 2011 action was pending, in April 2012, Appellee filed a complaint ("2012 action") in Montgomery County against several individuals, including Drake, Capka, Direnzo, and the Hyslops ("Appellant Clients"). Appellee alleged that these former clients, who had been referred to Appellee by Appellant Legal Access, made defamatory statements against him.[1] Appellant Clients filed preliminary objections to compel arbitration. The

---

[1] The caption in the 2012 action had listed several "John Doe" defendants.

Montgomery County Court of Common Pleas overruled Appellant Clients' preliminary objections with respect to arbitration. Appellant Clients filed an appeal in the 2012 action.

In both actions, this Court vacated the trial court's orders and remanded for the matters to be submitted to arbitration. *Millinghausen v. Drake, et al.*, 1205 EDA 2013 (Pa.Super. April 24, 2014) (unpublished memorandum); *Millinghausen v. Legal Access Plans, LLC, et al.*, 2645 EDA 2011 (Pa.Super. September 7, 2012) (unpublished memorandum).

On September 6, 2016, Appellee filed a claim before the American Arbitration Association (AAA) against Appellant Clients. The parties agree that, during the course of arbitration, Appellee added as respondents Appellant Legal Access, former Legal Access clients Karen Henkel and Peter Pride, and CEO of the Legal Access entities, Robert Heston, Jr.[2] Although Appellee had been compelled to arbitrate his claims filed in Montgomery County, the arbitration hearings were held at the AAA in Philadelphia. On January 15, 2019, the arbitrator found in favor of Appellants, ordering Appellee to pay counsel fees as well as administrative and compensatory fees.

On February 14, 2019, Appellee filed a Motion to Vacate the Arbitration Award in the Montgomery County Court of Common Pleas, where he had filed his initial actions. In response, on February 15, 2019, Appellants filed a

---

[2] We will collectively refer to all the parties which Appellee filed claims against with the AAA as "Appellants."

Petition to Confirm the Arbitration Award in the Philadelphia County Court of Common Pleas, as the arbitration hearings were held in Philadelphia.

On February 22, 2019, Judge Edward Wright of Philadelphia County issued a rule to show cause for Appellee to show why Appellants were not entitled to relief on their Petition to Confirm the Arbitration Award. Judge Wright ordered that the parties appear at a hearing on March 20, 2019.

Meanwhile, on February 22, 2019, Appellee filed in Montgomery County an "Emergency Motion to Retain Jurisdiction and Strike [Appellants'] Petition to Confirm Arbitration Award." Appellee asked the Montgomery County Court of Common Pleas to retain jurisdiction and to direct Appellants to withdraw their Petition to Confirm the Arbitration in Philadelphia County. On March 7, 2019, Judge Bernard Moore of Montgomery County issued an order stating that his court "has jurisdiction over this matter." Order, Montgomery County Court of Common Pleas, 3/7/19, at 1.

On or about March 7, 2019, Appellee filed preliminary objections in Philadelphia County[3] to assert that his Motion to Vacate the Arbitration Award was pending in Montgomery County and attached Judge Moore's March 7, 2019 order. On March 11, 2019, Judge Wright of Philadelphia County issued a second order to show cause on Appellants and directed the parties to address both Appellants' Petition to Confirm the Arbitrator's Award and Appellee's preliminary objections at the upcoming hearing.

---

[3] Appellee's preliminary objections are not included in the certified record. However, there is no dispute that Appellee's preliminary objections were filed.

On March 20, 2019, after hearing oral argument, Judge Wright dismissed as moot Appellants' Petition to Confirm the Arbitrator's Award, citing Judge Moore's March 7, 2019 order as the basis for his ruling. Judge Wright also indicated he would consider an order "qualifying" Judge Moore's March 7, 2019 order.

On March 22, 2019, Appellants filed a motion in Montgomery County seeking to "vacate and/or clarify Judge Moore's March 7, 2019 order" and to dismiss Appellee's Motion to Vacate the Arbitration Award. Appellants claimed Appellee failed to join indispensable parties in the Montgomery County actions. On April 1, 2019, Judge Moore dismissed this motion.

On April 8, 2019, Appellants filed a Second Petition to Confirm the Arbitration Award in the Philadelphia County Court of Common Pleas. In an order entered on May 10, 2019, Judge Wright dismissed Appellants' Second Petition to Confirm Arbitrators' Award as moot given Judge Moore's March 7, 2019 and April 1, 2019 orders.

Appellants filed this timely appeal to challenge Judge Wright's May 10, 2019 order and complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In his Rule 1925(a) opinion, Judge Wright asserted that he did not err in denying Appellants' Second Petition to Confirm Arbitrators' Award as he was simply complying with Judge Moore's previous orders declaring that the Montgomery Court of Common Pleas has jurisdiction over this matter. Moreover, Judge Wright determined that Appellants had not presented a convincing argument

- 5 -

as to why the Court of Common Pleas of Philadelphia had authority to reach the merits of this case.

On appeal, Appellants raised the following issues for review:

1. Whether the Trial Court Judge [(Judge Wright)] erred as a matter of law and/or abused his discretion in by [sic] failing to exert jurisdiction over Appellants' [] Petition to Confirm and [Appellee's] Motion to Vacate the January 15, 2019 Arbitration Award given the lack of subject matter jurisdiction of the of Common Pleas, Montgomery County, as required pursuant to 42 Pa.C.S. §§ 7319, 7341, and 7342.

2. Whether the Trial Court Judge [(Judge Wright)] erred as a matter of law and abused his discretion in denying/dismissing Appellants' Petition to Confirm when there was no Petition/Motion to Vacate the Arbitration Award timely filed or pending in the proper venue, The Court of Common Pleas, Philadelphia County, as required pursuant to 42 Pa.C.S. §§ 7319, 7341, and 7342.

3. Whether the Trial Court Judge [(Judge Wright)] erred as a matter of law and/or abused his discretion in dismissing Appellants' Petition to Confirm as moot.

Appellants' Brief, at 6 (reordered).

As an initial matter, we must determine whether Judge Wright of the Philadelphia County properly declined to review the merits of Appellants' Petition to Confirm the Arbitration Award given that Appellee's Petition to Vacate the Arbitration Award was previously filed in Montgomery County and Judge Moore had issued his March 7, 2019 in which he asserted that the Montgomery County Court of Common Pleas had jurisdiction of this matter.

In reviewing this claim, we are guided by the coordinate jurisdiction rule which provides that "judges of coordinate jurisdiction sitting in the same case

- 6 -

should not overrule each others' decisions. ... [T]he coordinate jurisdiction rule [] is a rule of sound jurisprudence based on a policy of fostering the finality of pre-trial applications in an effort to maintain judicial economy and efficiency."

***Commonwealth v. Starr***, 541 Pa. 564, 573, 664 A.2d 1326, 1331 (1995) (citation omitted).

> The purposes behind the law of the case doctrine and the coordinate jurisdiction rule are "(1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end." ***Starr***, 664 A.2d at 1331 (citation omitted). Only in exceptional circumstances, such as "an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed," may the doctrine be disregarded. ***Id.*** at 1332.

***Mariner Chestnut Partners, L.P. v. Lenfest***, 152 A.3d 265, 282 (Pa.Super. 2016).

As noted above, after the parties had filed petitions in two different counties, Appellee filed in the Montgomery County Court of Common Pleas an "Emergency Motion to Retain Jurisdiction and Strike [Appellants'] Petition to Confirm Arbitration Award." In response, Judge Moore filed his March 7, 2019 order stating that the Montgomery County Court of Common Pleas has jurisdiction over this matter." Order, Montgomery County Court of Common Pleas, 3/7/19, at 1.

While Judge Wright noted that Judge Moore's March 7, 2019 order could have been more specific, Judge Wright interpreted Judge Moore's order as

retaining jurisdiction over the challenge/confirmation of the arbitration award. Consistent with the coordinate jurisdiction rule, Judge Wright of Philadelphia County refused to overrule the decision of Montgomery County Judge Moore, who also serves on the Court of Common Pleas.[4]

Appellants suggest in their brief that exceptional circumstances exist that would allow Judge Wright to disregard the coordinate jurisdiction doctrine and rule on their Petition to Confirm the Arbitration Award. Appellants assert there "was no legitimate basis" for the parties to challenge or confirm the arbitration award "anywhere other than Philadelphia County" as the arbitration hearings were held in Philadelphia County. Appellants' Brief, at 19. As such, Appellants are essentially claiming that Judge Moore's order retaining jurisdiction over the matter was clearly erroneous and would create manifest injustice if followed. *See Starr*, *supra*.

Specifically, Appellants claim that the dispute in this case is governed by Section 7319(1) of the Uniform Arbitration Act:

**§ 7319. Venue of court proceedings**

Except as otherwise prescribed by general rules:

(1) An initial application to a court under this subchapter shall be made to the court of the county in which the agreement prescribes that the arbitration hearing shall be held or, if the hearing has been held, in the county in which the hearing was held.

---

[4] It does not appear from the record that Appellants challenged Appellee's choice of venue in Montgomery County after Appellee filed his Petition to Vacate the Arbitration Award in that jurisdiction.

(2) If an application to a court cannot be made under paragraph (1) the application shall be made to the court in the county where the adverse party resides or has a place of business or, if he has no residence or place of business in this Commonwealth, to the court of any county.

(3) All subsequent applications to a court shall be made to the court hearing the initial application unless that court otherwise directs.

42 Pa.C.S.A. § 7319.

Appellants assert that as the parties' arbitration agreement did not specify a venue for arbitration proceedings and the parties' arbitration hearings were held in Philadelphia County, Section 7319(1) required the parties to challenge or confirm the arbitration award in Philadelphia County.

However, Appellants do not recognize that the specific language of Section 7319 specifically indicates its venue provisions apply "except as otherwise prescribed by general rules." *Id.* Section 7304 of the Uniform Arbitration Act specifically governs cases in which the parties have been compelled to submit to arbitration. This subsection contains specific guidance as to venue under such circumstances:

### § 7304. Court proceedings to compel or stay arbitration

**(a) Compelling arbitration.--**On application to a court to compel arbitration made by a party showing an agreement described in section 7303 (relating to validity of agreement to arbitrate) and a showing that an opposing party refused to arbitrate, the court shall order the parties to proceed with arbitration. If the opposing party denies the existence of an agreement to arbitrate, the court shall proceed summarily to determine the issue so raised and shall order the parties to proceed with arbitration if it finds for the moving party. Otherwise, the application shall be denied.

**(b) Stay of arbitration.--**On application of a party to a court to stay an arbitration proceeding threatened or commenced the court may stay an arbitration on a showing that there is no agreement to arbitrate. When in substantial and bona fide dispute, such an issue shall be forthwith and summarily tried and determined and a stay of the arbitration proceedings shall be ordered if the court finds for the moving party. If the court finds for the opposing party, the court shall order the parties to proceed with arbitration.

**(c) Venue.--**If a controversy alleged to be or not to be referable to arbitration under the agreement is also involved in an action or proceeding pending in a court having jurisdiction to hear applications to compel or stay arbitration, the application shall be made to that court. Otherwise, subject to section 7319 (relating to venue of court proceedings), the application may be made in any court of competent jurisdiction.

**(d) Stay of judicial proceedings.--**An action or proceeding, allegedly involving an issue subject to arbitration, shall be stayed if a court order to proceed with arbitration has been made or an application for such an order has been made under this section. If the issue allegedly subject to arbitration is severable, the stay of the court action or proceeding may be made with respect to the severable issue only. If the application for an order to proceed with arbitration is made in such action or proceeding and is granted, the court order to proceed with arbitration shall include a stay of the action or proceeding.

42 Pa.C.S.A. § 7304.

In deferring to Judge Moore's exercise of jurisdiction in Montgomery County, Judge Wright of Philadelphia County specifically cited to ***Municipal Authority of the City of Monongahela v. Carroll Tp. Authority***, 567 Pa. 490, 788 A.2d 356 (2002) (*per curiam* order), in which the Supreme Court determined that Section 7319(3) of the Uniform Arbitration Act, when read in conjunction with Section 7304(a), "*dictates that venue for appeals from arbitration awards lies with the trial court that initially ordered the parties to proceed to arbitration.*" ***Id***. (emphasis added).

As stated above, Appellee initially filed two separate causes of action in Montgomery County against Appellant Legal Access and Appellant Clients, who both responded by filing preliminary objections in their respective cases requesting arbitration. After both Appellant Legal Access and Appellant Clients were denied relief by the Montgomery County Court of Common Pleas, this Court reversed the lower courts' orders and remanded for the parties to submit to arbitration.

As the parties in this case were compelled to arbitration based on the preliminary objections of Appellant Legal Access and Appellant Clients requesting arbitration of the 2011 and 2012 actions in Montgomery County, we find Judge Wright properly deferred to Judge Moore's order indicating that Montgomery County has jurisdiction over the parties' opposing petitions to vacate/confirm the arbitration award. Appellants have not shown that Judge Moore's order was clearly erroneous and resulted in manifest injustice.

As such, we conclude that Judge Wright did not err in denying Appellants' Second Petition to Confirm the Arbitration Award.

Order affirmed.
Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/20