J-A07025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KAREN M. DRAKE, ROBERT L. HYSLOP, JR., THERESA M. HYSLOP, JOY A. CAPKA, MARYANN DIRENZO, LEGAL ACCESS PLANS, L.L.C. LEGAL ACCESS MANAGEMENT GROUP L.L.C., THE LEGALEASE GROUP, LEGAL ACCESS PLANS, INC, LEGAL ACCESS CONSULTING, L.L.C., D/B/A LEGAL PLANS USA, ROBERT L. HESTON, JR., PETER PRIDE AND KAREN HENKEL | : : : : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br>No. 1530 EDA 2021 |
| v. | : : : : : | |
| SAMUEL W. B. MILLINGHAUSEN, III; A/K/A SAMUEL MILLINGHAUSEN; A/K/A SAMUEL W. MILLINGHAUSEN | : : : : | |
| Appellant | | |

Appeal from the Order Entered June 29, 2021
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2020-06967

| | | |
|---|---|---|
| KAREN M. DRAKE, ROBERT L. HYSLOP, JR., THERESA M. HYSLOP, JOY A. CAPKA, MARYANN DIRENZO, LEGAL ACCESS PLANS, L.L.C., LEGAL ACCESS MANAGEMENT GROUP L.L.C., THE LEGALEASE GROUP, LEGAL ACCESS PLANS, INC, LEGAL ACCESS CONSULTING, L.L.C., D/B/A LEGAL PLANS USA, ROBERT L. HESTON, JR., PETER PRIDE AND KAREN HENKEL | : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br>No. 1856 EDA 2021 |
| Appellant | : : : : | |
| v. | : : | |

:
SAMUEL W. B. MILLINGHAUSEN, III;  :
A/K/A SAMUEL MILLINGHAUSEN;  :
A/K/A SAMUEL W. MILLINGHAUSEN

Appeal from the Order Entered June 29, 2021
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2020-06967

BEFORE:  DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED JULY 15, 2022**

Samuel W. B. Millinghausen, III, appeals from the order granting the petition to confirm the arbitration award filed by the following plaintiffs: Karen M. Drake, Robert L. Hyslop, Jr., Theresa M. Hyslop, Joy A. Capka, Maryann Direnzo, Legal Access, Plans, L.L.C., Legal Access Management Group, L.L.C., The Legalese Group, Legal Access Plans, Inc, Legal Access Consulting, L.L.C., d/b/a Legal Plans USA, Robert L. Heston, Jr., Peter Pride, and Karen Henkel ("Appellees"). Appellees cross-appeal from the trial court's denial of their request for fees and costs, and request attorneys' fees in relation to this appeal. We affirm the order of the trial court in part, reverse in part, and grant the request for appellate attorneys' fees.

This case has traveled through multiple courts, dockets, and jurisdictions before arriving before us on the instant appeal. The pertinent facts and history are as follows. Millinghausen is an attorney who entered into an agreement with a legal referral service, Legal Access Plans ("LAP"). LAP stopped referring clients to Millinghausen in 2010 based on the allegations of clients LAP had previously referred to Millinghausen.

- 2 -

As a result, Millinghausen filed two defamation lawsuits in 2011 and 2012 in the Montgomery County Court of Common Pleas. ***See Millinghausen v. Legal Access Plans, LLC***, 2645 EDA 2011 (Pa.Super. September 7, 2012) (unpublished memorandum) ("***Millinghausen I***"); ***Millinghausen v. Drake***, 1205 EDA 2013, 2014 WL 10936665 (Pa.Super. April 24, 2014) (unpublished memorandum), *appeal granted*, 108 A.3d 1278 (Pa. 2015), *and appeal dismissed*, 135 A.3d 579 (Pa. 2016) ("***Millinghausen II***"). The defendants in ***Millinghausen I*** were LAP and its owner; in ***Millinghausen II***, the defendants were Millinghausen's former clients.

In both cases, this Court reversed the denial of motions to compel arbitration. In ***Millinghausen I***, this Court stated that Millinghausen did not contest the validity of the arbitration agreement, but rather disputed the arbitrability of the particular dispute. ***Millinghausen I***, unpublished memorandum at 10. We found the dispute arbitrable. ***Id.*** at 14. In ***Millinghausen II***, we concluded that the former clients were third-party beneficiaries and could enforce the arbitration agreement. We also found that the dispute at issue was within the scope of the agreement. ***Millinghausen II***, 2014 WL 10936665, at *6.

Millinghausen thereafter filed a claim before the American Arbitration Association ("AAA") against the combined defendants. The arbitration proceedings took place in Philadelphia County. The arbitrator found in Appellees' favor, in January 2019, and ordered Millinghausen to pay the costs of arbitration, including administrative fees and attorneys' fees.

Millinghausen filed a motion in Montgomery County to vacate the arbitration award. Appellees contemporaneously filed a petition to confirm the arbitration award in Philadelphia County, and the Montgomery County court issued an order stating that it had "jurisdiction" over the matter. The Philadelphia court dismissed the petition as moot. Appellees again petitioned the Philadelphia court to confirm the award, and the court again deferred to the exercise of jurisdiction in Montgomery County. This Court affirmed the dismissal of Appellees' petition by the Philadelphia court in April 2020. *See Legal Access Plans, LLC v. Millinghausen*, 231 A.3d 935, 941-42 (Pa.Super. 2020) (*Millinghausen III*).

Meanwhile, in January 2020, the Montgomery County court denied Millinghausen's motion to vacate the arbitration award and entered judgment in favor of Appellees. Millinghausen appealed. He made three arguments: the arbitrator had lacked jurisdiction to enter the award, as there had been no agreement to arbitrate between the parties; Appellees had never filed a claim for fees and expenses; and the arbitrator had engaged in misconduct and denied Millinghausen a full and fair hearing.

We affirmed, concluding that Millinghausen's claims were subject to arbitration pursuant to a contract. *See Millinghausen v. Drake*, 477 EDA 2020, 2020 WL 6043851, at *3 (Pa.Super. filed Oct. 13, 2020), *appeal denied*, 251 A.3d 398 (Pa. 2021) (*Millinghausen IV*). We further held that the arbitrator had authority to award costs and fees, Millinghausen had had an opportunity to challenge the evidence, and the award was supported by the

evidence and reflected Millinghausen's dilatory and obdurate conduct. 2020 WL 6043851, at *3. The Pennsylvania Supreme Court denied Millinghausen's petition for allowance of appeal.

This brings us to the petition that is the subject of this appeal. In June 2020, while the appeal in **Millinghausen IV** was still pending in this Court, Appellees filed a petition to confirm the arbitration award. Although they filed it in the same county in which Millinghausen had filed his motion to vacate (Montgomery County), the petition's caption did not include the docket number of the motion to vacate. As a result, the court gave the petition a different docket number and assigned it to a different judge.

Nearly two months after the Supreme Court denied review in **Millinghausen IV** – *i.e.*, after review of the denial of the petition to vacate had ended – the trial court held a hearing regarding the instant petition to confirm the award. Appellees asked the court to award them attorneys' fees "as a sanction for the repeated issue of jurisdiction coming up and wanting to relitigate the motion to vacate." N.T., May 5, 2021, at 5. Counsel argued,

> We've had a ton of documents on this docket alone contesting the petition to confirm when at the time of filing there was already a denial by [the court] on the motion to vacate. So there is no reason or legitimate reason to contest the petition to confirm at this time.

*Id.*

The following month, in June 2021, the trial court granted the petition to confirm the arbitration award. The order confirming the award did not

mention the motion for attorneys' fees. Both parties filed motions for reconsideration, which, after a hearing, the court denied. Millinghausen appealed, and Appellees cross-appealed.

Millinghausen raises the following issues:

1. Did [the] [t]rial [c]ourt err as a matter of law and/or fact or commit[] an abuse of discretion and deny [Millinghausen] his constitutional right to a jury trial when it failed to determine whether the arbitrator had jurisdiction to issue the award where the testimony of [Appellees]'s witnesses established that the alleged agreement was invalid, unenforceable and/or revocable upon such grounds as exist at law or in equity of any contract?

2. Did [the] [t]rial [c]ourt err[] as a matter of law and/or fact or commit[] an abuse of discretion and deny [Millinghausen] due process when it failed to conduct an evidentiary hearing on the question of whether there was an agreement to arbitrate [his] claims?

3. Did [the] [t]rial [c]ourt err as a matter of law and/or fact or commit[] an abuse of discretion when it failed to dismiss [Appellees]'s Petition to Confirm the Award of the Arbitrator [], when [Appellees] filed their petition while the matter was already pending in a separate action in the Montgomery County Court of Common Pleas, which action was under appeal in the Superior Court at Docket Number: 477 EDA 2020?

Millinghausen's Br. at 6-7 (suggested answers omitted). Appellees raise the following:

1. Did the [trial court] err as a matter of law and/or abuse [its] discretion in denying [Appellees]'s request for fees and costs pursuant to 42 Pa.C.S.A. § 2503 when [Millinghausen]'s contest of the Petition to Confirm was without factual or legal basis?

2. Did the [trial court] err as a matter of law and/or abuse [its] discretion in denying [Appellees]'s request for fees and costs pursuant to 42 Pa.C.S.A. § 2503 when [Millinghausen]'s constant relitigation of jurisdiction, validity of the Agreement, scope of the arbitration clause, and basis for his original Motion to Vacate

- 6 -

unnecessarily increased the costs of litigating the Petition to Confirm?

3. Did the [trial court] err as a matter of law and/or abuse [its] discretion in denying [Appellees]'s request for fees and costs pursuant to 42 Pa.C.S.A. § 2503 by failing to determine that [Millinghausen]'s conduct was, e.g., dilatory, obdurate, and/or vexations warranting imposition of reasonable fees and costs payable to [Appellees]?

Appellees' Br. at 13 (proposed answers omitted). Appellees also request attorneys' fees on appeal. *Id.* at 69.

The agreement here for AAA arbitration constituted an agreement for common law arbitration. *See Bucks v. Orthopedic Surgery Assocs., P.C. v. Ruth*, 925 A.2d 868, 871 (Pa.Super. 2007). We will reverse an order confirming a common law arbitration award only upon a showing of abuse of discretion or error of law. *Sage v. Greenspan*, 765 A.2d 1139, 1142 (Pa.Super. 2000). The award "may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." *Id.* (quoting *Prudential Prop. & Cas. Ins. Co. v. Stein*, 683 A.2d 683, 684 (Pa.Super. 1996)).

We address Millinghausen's first two issues together, as they both relate to the existence of an arbitration agreement. Millinghausen argues that when he brought his initial defamation cases, prior to arbitration, the trial court failed to determine the existence of an agreement to arbitrate. He also argues the subsequent arbitration testimony established any agreement to arbitrate was invalid, and, therefore, the arbitrator did not have jurisdiction to enter

the award. Millinghausen further claims that upon the instant petition to confirm, the trial court failed to hold an evidentiary hearing and prevented him from engaging in discovery on this issue. He thus asserts the court erred or abused its discretion or violated his right to due process. Millinghausen contends the question of subject matter jurisdiction can be raised at any time, and that the trial court should have applied a *de novo* standard of review to the question of the existence of an arbitration agreement, rather than rely on previous courts' conclusions.

The trial court deferred to the previous decisions entered in this case holding that a valid agreement to arbitrate existed between the parties. **See** Trial Court Opinion, filed August 18, 2021, at 5-7. The court did not err in this regard.

The "law of the case" doctrine includes the following rules, which, when applicable, forbid a court from overruling itself or a higher court:

> (1) upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter; (2) upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court; and (3) upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court.

**Commonwealth v. Starr**, 664 A.2d 1326, 1331 (Pa. 1995); **accord Zane v. Friends Hosp.**, 836 A.2d 25, 29 (Pa. 2003); **see also Ario v. Reliance Ins. Co.**, 980 A.2d 588, 597 (Pa. 2009) (explaining that under the law of the case doctrine, "a court involved in the later phases of a litigated matter should not

reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter"). A court "must examine the rulings at issue in the context of the procedural posture of the case," to determine the applicable law of the case. *Mariner Chestnut Partners, L.P. v. Lenfest*, 152 A.3d 265, 282-83 (Pa.Super. 2016).

Just as the law of the case doctrine prevents judges of coordinate jurisdiction from overruling each other during the course of a single case, the doctrine of collateral estoppel "prevents a question of law or an issue of fact that has once been litigated and fully adjudicated in a court of competent jurisdiction from being relitigated in a subsequent suit." *Id.* at 286 (quoting *Meridian Oil & Gas Enters., Inc. v. Penn Cent. Corp.*, 614 A.2d 246, 250 (Pa.Super. 1992)).

Here, Millinghausen has raised the issue of the existence of a valid arbitration agreement multiple times, including in his motion to vacate the arbitration award. In denying that motion, the Montgomery County Court of Common Pleas found that there was a valid arbitration agreement, that it encompassed Millinghausen's claims, and that Millinghausen's challenge to the jurisdiction of the arbitrator had no merit. This Court affirmed that decision, and the Supreme Court denied allowance of appeal.

Therefore, by the time the trial court ruled on the petition to confirm the award, the holding that the arbitrator had jurisdiction to enter the award was already the law of the case. The court thus did not commit an abuse of discretion or error of law by granting the petition to confirm. Although the

petition to confirm proceeded under a different docket number than the petition to vacate, and was heard by a different judge, it is clear from the procedural context that this case is a continuation of the same case as Millinghausen's motion to vacate, which the trial court was merely trying to finalize by confirming the award. To the extent that the instant case can be construed as a separate case from Millinghausen's motion to vacate, the doctrine of collateral estoppel applies, and prevents Millinghausen from relitigating the question.

In his third issue, Millinghausen argues the court did not have jurisdiction over the petition to confirm the arbitration award because Appellees filed it while the appeal over the motion to vacate the arbitration award was still pending. He cites for support **Mulnix v. Toll Bros., Inc.**, 245 A.3d 1067 (Pa.Super. 2020) (unpublished memorandum).

In **Mulnix**, one party filed a petition to vacate an arbitration award in the Bucks County, and the other side filed a contemporaneous petition to confirm the arbitration award in Philadelphia County. **Id.** at *1. The Philadelphia court granted the petition to confirm, the aggrieved party appealed, and Bucks County thereafter transferred the petition to vacate to Philadelphia County. **Id.** at *2. This Court held that the Philadelphia court should not have granted the petition to confirm without also considering the petition to vacate. The Court pointed out that the petition to vacate was pending when the trial court ruled on the petition to confirm, and the

Philadelphia court was aware of the competing petition in Bucks County. *Id.* at *4 (citing 42 Pa.C.S.A. § 5103(a)).

The holding of **Mulnix** has no bearing on the instant case. There, the petition to vacate was still pending when the court ruled on the petition to confirm. Here, in contrast, all proceedings relating to the petition to vacate had ended by the time the court ruled on the petition to confirm. As no petition to vacate or modify was outstanding when Appellees filed the petition to confirm, the trial court was obligated by statute to confirm the award. **See** 42 Pa.C.S.A. § 7342(b) ("On application of a party made more than 30 days after an award is made by an arbitrator under section 7341 (relating to common law arbitration), the court shall enter an order confirming the award and shall enter a judgment or decree in conformity with the order"); **Civan v. Windermere Farms, Inc.**, 180 A.3d 489, 499 (Pa.Super. 2018).

Turning to the cross-appeal, Appellees challenge the court's denial of the motion for fees and costs related to litigating the petition to confirm. Appellees posit reasonable fees and costs were appropriate under 42 Pa.C.S.A. §§ 2503(6), (7), and (9). These subsections provide:

> The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:
>
> . . .
>
> (6) Any participant who is awarded counsel fees as a sanction against another participant for violation of any general rule which expressly prescribes the award of counsel fees as a sanction for dilatory, obdurate or vexatious conduct during the pendency of any matter.

- 11 -

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

. . .

(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

42 Pa.C.S.A. §§ 2503(6), (7), and (9); **see** Appellees' Br. at 59.

Appellees argue the court erred or abused its discretion in failing to award them fees and costs as compensation for Millinghausen's dilatory, obdurate, or vexations conduct. They claim they "have been defending themselves against Millinghausen's repetitive and relitigated claims for over a decade." **Id.** Appellees argue that because confirmation of the arbitration award is mandated by statute if no petition to vacate is pending, and the trial court confirmed the arbitration following Millinghausen's unsuccessful appeal from the denial of his motion to vacate, the court was obligated to confirm the award, and Millinghausen's arguments against confirmation were without legal basis. **Id.** at 61-63. They assert that Millinghausen's repeated attempts to relitigate the issue of the arbitrator's jurisdiction were designed to unnecessarily prolong the proceedings and increase Appellees' costs. **Id.** at 65. As an example, Appellees complain that Millinghausen sent them document requests and a notice to attend, tried to engage in further discovery, and filed preliminary objections and a motion for summary judgment. **Id.** at 65-68.

Appellees also point out that the arbitrator awarded fees and costs against Millinghausen because of his "multiple motions and other expensive and time consuming actions in continually resisting arbitration in the courts and before me," his "obdurate insistence on presenting and renewing multiple unfounded positions and motions despite my having ruled already on some of them," and his "unfocused and slow-paced presentation of the evidence, inappropriate interspersed with lengthy non-germane argument." *Id.* at 68 (quoting Final Award of Arbitrator, January 15, 2019, at ¶ K). Appellees assert the trial court likewise found Millinghausen's presentation of evidence in support of his motion to vacate to be "cherry-picking," a finding which this Court affirmed. *Id.*

"The trial court has great latitude and discretion with respect to an award of attorneys' fees pursuant to a statute." *Scalia v. Erie Ins. Exch.*, 878 A.2d 114, 116 (Pa.Super. 2005). We review the court's decision over an award of attorneys' fees for an abuse of discretion. *Id.*

In its Rule 1925(a) opinion, the trial court explains that it denied the motion for fees and costs because it found Millinghausen's "efforts to preserve issues for appeal did not constitute obdurate or vexatious conduct." Trial Ct. Op. at 7. It considered Millinghausen's testimony that he had never had the chance to present evidence on whether an arbitration agreement existed and observed that this Court had compelled arbitration without remanding for a determination by the trial court regarding the existence of an agreement. *Id.* at 7-8. At the same time, the court acknowledged that such a remand was

unnecessary, as Millinghausen had not contested the lack of an arbitration agreement during his first appeals. *Id.* at 8. Nonetheless, the trial court did not find Millinghausen's explanation for his extraneous litigation of the petition to confirm to be "disingenuous." *Id.* at 8.

However, the trial court indicates that it has since reached the opposite conclusion. It is now of the view that Millinghausen's reasons for contesting jurisdiction and appealing its order are dubious considering this Court's previous decisions compelling arbitration and "in view of the extensive procedural histories of the Parties' litigation." *Id.* at 7 n.9, 8. It suggests we find an abuse of discretion in its failure to award fees and costs and remand the case. *Id.* at 8 n.10.

We agree with the court's change of heart, and find the court abused its discretion in failing to award fees and costs. A party may obtain fees whenever another party's conduct during the proceedings was "arbitrary." *See* 42 Pa.C.S.A. § 2503(9). "Arbitrary" in this context refers to ignoring reason or nature or lacking basis in law or fact. *Thunberg v. Strause*, 682 A.2d 295, 299, 301 (Pa. 1996). The focus thus is "on the conduct of the party from whom attorney's fees are sought and on the relative merits of that party's claims." *Id.* at 300.

Here, Millinghausen—an attorney—objected to the petition to confirm on the basis that the arbitrator lacked jurisdiction. But he had already raised and lost this same issue in his motion to vacate. He had already appealed the trial court's finding on the issue and knew this Court would be reviewing it.

Yet, Millinghausen sought further discovery and hearings on the issue. Moreover, he continued to oppose confirmation of the award even after the court denied his motion to vacate, and after the denial had been conclusively affirmed. Millinghausen's conduct in opposing the petition was arbitrary, and Appellees were entitled to attorneys' fees and costs. We therefore remand for the award of fees and costs under 42 Pa.C.S.A. § 2503.

Finally, we turn to Appellees' request for fees and costs related to the appeal. Under Pa.R.A.P. 2744, an appellate court may award reasonable counsel fees and other damages "if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." Pa.R.A.P. 2744. "An appeal is 'frivolous' if the appellate court determines that the appeal lacks any basis in law or in fact." **Thunberg**, 682 A.2d 302.

Millinghausen appealed the grant of the petition to confirm on the basis that the arbitrator lacked jurisdiction, even after this issue had previously been settled conclusively following appeal to this Court and denial of further review by the Supreme Court. His appeal was therefore frivolous, and appellate attorneys' fees are warranted. **See Morgan v. Morgan**, 117 A.3d 757, 762-63 (Pa.Super. 2015) (finding appeal frivolous and award of appellate counsel fees appropriate where party had "raised the jurisdictional issue simultaneously in different courts [and] also repeated it multiple motions in the same court," including while an appeal of the same issue was pending, but nevertheless appealed the issue after the previous appeal had been decided).

- 15 -

We therefore remand the matter to the trial court for the calculation of reasonable counsel fees and damages under Pa.R.A.P. 2744.

Order affirmed in part and vacated in part. Request for reasonable attorneys' fees and costs relating to Millinghausen's frivolous appeal granted. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2022

- 16 -